THE COUNTY COMMISSIONERS OF HARFORD COUNTY *vs.* SARAH A. WISE, by and with her next friend and husband, GEORGE Y. WISE.

### *Negligence—Instruction.*

In an action to recover damages for the destruction of a mill-dam by the alleged negligence of the defendants, the declaration contained two counts. The first count alleged that the injury complained of was the result of "large obstructions' in the shape of timber or other material" which the defendants had caused "to be placed or come and rest upon and against the plaintiff's dam," and which the defendants undertook to remove, "and did so unskilfully, carelessly, and negligently, that in the course of so doing, the plaintiff's dam was injured and partially destroyed, so that 'because of said injury, which weakened the same, it was carried away by the waters flowing along Deer Creek." The second count alleged that the defendants so unskilfully and negligently located and erected a bridge that the current, in times of high water, was made more rapid and dangerous; that in consequence of this negligence of the defendants, the water was thrown against the dam with greater force and velocity; and that thereby, during a freshet in May, 1886, the dam was washed away and destroyed. The Court below instructed the jury that the defendants were not responsible under the first count, as there was no evidence to show their connection with the cause therein alleged to have occasioned the injury. There was no evidence to show that the cause assigned in the second count, operated of itself to produce the damage sued for. HELD:

That the Court below erred in refusing to instruct the jury that there was no evidence in the case legally sufficient to entitle the plaintiff to recover.

APPEAL from the Circuit Court for Cecil County.

The case is stated in the opinion of the Court.

County Commr's of Harford County *vs.* Wise.

The cause was argued before ALVEY, C. J., MILLER, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J., for the appellants, and submitted on briefs for the appellees.

*Albert Constable,* (with whom were *James W. McNabb,* and *William Young,* on the brief,) for the appellants.

*John S. Wirt,* and *Clinton McCullough,* for the appellee.

McSHERRY, J., delivered the opinion of the Court.

The appellee sued the County Commissioners of Harford County to recover damages for the destruction, by reason of the alleged negligence of the defendants, of a mill-dam owned by her. The dam had been swept away by a flood upon a former occasion, and it was then alleged that the negligent and unskilful location and construction of a county bridge across Deer Creek had so narrowed the water-way as to cause the bridge to be lifted from its abutments, and to be thrown upon the dam whereby the latter was demolished. That case is reported in 71 *Md.,* 43. Subsequently the dam was reconstructed and the bridge was rebuilt.—the bridge being elevated somewhat higher above the surface of the stream, and the span being made considerably longer than formerly. In eighteen hundred and eighty-six a trestle, consisting of heavy timbers securely fastened together, was carried down the current and lodged against and upon the new dam. This obstruction remained upon the dam for several weeks, and was then removed. The persons who removed it were obliged to cut away some of the logs forming the ties of the dam, whereby the structure was materially weakened. No attempt was made by any one to repair the dam after it had been thus weakened. There is not a particle of evidence in the

40 MARYLAND REPORTS.

County Commr's of Harford County vs. Wise.

record having the least tendency to show that the county commissioners were responsible, either, for the trestle lodging on the dam or for its removal. Indeed, there is nothing to connect the commissioners in the most remote manner with the weakening of and consequent direct injury to the dam. Shortly after the strength of the dam had been thus impaired a freshet occurred in the stream and the dam was washed away. The first part which yielded was the portion weakened in the way just pointed out. It was proved by some of the plaintiff's witnesses that this cutting of several of the ties of the dam was the direct cause of its giving way. The first count of the declaration was founded upon the theory that the defendants were responsible for this cause; but the evidence, as we have said, wholly failed to connect them with it. It was further proved by the plaintiff that the bridge, as reconstructed by the county commissioners, was unskilfully and negligently located and constructed, whereby the current in times of high water, was made more rapid and dangerous. That in consequence of this alleged negligence of the appellants the water was thrown with greater violence and concentration upon the dam, and that thereby, during a freshet in the spring of 1886, the dam was washed away and demolished. The second count of the declaration was based upon this theory. Here, then, were two distinct causes relied on by the plaintiff as having produced the injury.

To which of these two is the injury attributable ? The declaration does not allege that both combined occasioned it. Each is alleged in a separate count to be an independent cause. The first of them the Court below instructed the jury the appellants were not responsible for, and that ruling is not open for review or question on this appeal. A case is thus presented where the injury complained of must have resulted from one or the

other of two distinct causes, and not from both together, and where, if produced by the one the appellants are not liable, though they are answerable if produced by the other. If the evidence adduced by the plaintiff does not show to which one of these two causes the damage done is actually due, can a recovery be had ? In cases like this the burden is on the plaintiff to prove that the defendant has been guilty of negligence, and that such negligence has occasioned the injury. If his evidence fails to establish either of these propositions that burden has not been gratified. Hence, when the proof of the plaintiff shows that the negligence upon which the action is founded is attributable to some one else other than the defendant, or, whilst proving the injury, fails to connect the defendant with the cause of it, the plaintiff must be non-suited. And it is equally obvious that where the evidence of the plaintiff is evenly balanced as to whether the cause for which the defendant is responsible, or the cause for which he is not responsible, produced the injury, the jury would have no right to disregard arbitrarily the proof which exculpated, and to credit only that which inculpated—to adopt the theory which would mulct the defendant in damages and to reject that which would exonerate him. Thus in *Smith vs. First National Bank in Westfield*, 99 *Mass.*, 605, where a bank was sued in tort for the value of securities entrusted to it for safe-keeping, and alleged to have been lost by negligence, the proof showed that the bailment was a gratuitous one ; that the bank used the same care with respect to the bonds that it had used with regard to its own funds and securities, and the plaintiff's evidence failed to exclude the possibility of loss by other means than the asserted negligence of the defendant. It failed to exclude the possibility of the bonds having been stolen without the negligence of the defendant, by any of the persons who had access to the vault where the secur-

ities were kept. The loss was absolutely certain, but the cause of the loss, under the proof, might have been either—first, negligence of the defendant, for which it would have been responsible; or secondly, some other circumstance unmixed with negligence, such as theft for instance, for which—that being a case of gratuitous bailment, the bank would not have been responsible. In this condition of the proof the Court said: "There is strictly no evidence to warrant a jury in finding that the loss was occasioned by negligence, and not by theft. When the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof. A verdict in favor of the party bound to maintain one of those propositions against the other is necessarily wrong." And so in *Midland Railway Company vs. Bromley,* 17 *C. B.,* 372, and in *Cotton vs. Wood,* 8 *C. B.,* (*N. S.*) 572.

In the case at bar, not only is there no evidence to exclude the probability that the cutting away of the ties of the dam in the efforts made to remove the trestle, was the direct and only cause that occasioned the destruction of the dam, but the preponderance of the testimony seems to point to that fact as the efficient and exclusive cause of the injury. But, be this as it may, there is literally nothing in the record to show that the other cause assigned—the unskilful and negligent location and construction of the bridge—operated of itself, without more, and apart from the first alleged cause, to produce the damage sued for. Whether to the one or to the other cause the injury was referable, was, to put it most favorably for the appellee, a question left by the evidence of the plaintiff in a condition of perfect equilibrium. A verdict for the plaintiff could only have been reached by arbitrarily ignoring all of the plaintiff's other evidence which tended to establish the opposite proposition—that is, by exclud-

County Commr's of Harford County *vs.* Wise.

ing such of her evidence as showed that the injury was due to a totally different cause, for whose existence and agency the County Commissioners were in no way amenable. Under such circumstances, the plaintiff failed to show that the defendant's negligence occasioned the injury, because she failed to show what really did produce it, and a verdict for the plaintiff, involving, as it necessarily would, the finding that such negligence did cause the disaster, ought not to have been rendered.

Upon the conclusion of the testimony the defendants asked the Court to instruct the jury, among other things, that there was "no evidence in the case legally sufficient to entitle the plaintiff to recover." This prayer was refused and the defendants have appealed from this and other rulings. The prayer was a demurrer to the evidence, and raised the question of the right of the plaintiff to recover, assuming all the evidence offered by her to be true. For the reasons we have given, the prayer, in our opinion, ought to have been granted. Had the first count not been in the declaration, and had no proof been offered by the plaintiff to sustain that count, there would have been sufficient evidence under the second count standing alone, to have gone to the jury on the question of negligence. Or, had the plaintiff confined her case to the second count, and had the defendants relied by way of defence upon the facts which tended to show that the injury resulted from the cutting of the ties of the dam, it would have been the province of the jury to determine which of these two opposite causes, the one asserted by the plaintiff, or the other relied on by the defendants, produced the damage. But the case was not presented in that way by the plaintiff. As actually presented, it showed a case devoid of legally-sufficient evidence to convict the defendants of negligence causing the injury sued for, and should, therefore, have been withdrawn from the jury.

This conclusion disposes of the case and renders it unnecessary to pass upon the other questions discussed in the argument.

For the error committed by the Circuit Court in rejecting the defendant's first prayer the judgment must be reversed.

> *Judgment reversed, with*
> *costs in this Court, and*
> *in the Court below.*

(Decided 10th December, 1891.)