# DISTRICT OF COLUMBIA *v.* BURKE.

EVIDENCE; APPEAL AND ERROR; MUNICIPAL CORPORATIONS; STREETS AND HIGHWAYS; NEGLIGENCE; NOTICE.

1. It was suggested, without deciding, in an action to recover for the death of the plaintiff's intestate, that the rule that where the evidence fails to disclose the manner in which the accident occurred, and it may with equal certainty have happened in either one of two different ways, the jury will not be permitted to speculate as to how it did happen and base a verdict purely upon such conjecture,— will not be invoked in favor of a defendant on appeal, where the case was tried below solely upon the theory that the accident resulted in a known way, as shown by a prayer for instruction asked by the defendant and granted.

2. In an action against the District of Columbia to recover for the death of the plaintiff's intestate, who, while sitting on a box in an automobile truck with his feet hanging over the side of the car, and as the car passed over a depression in the street, was thrown from the car to the street, it was *held* that the evidence was such as to justify the inference by the jury that the deceased was jolted from the car as it passed over the depression, and was not thrown from the car as a result of his foot being caught in the sprocket chain. (Citing *Burke* v. *District of Columbia*, 42 App. D. C. 438.)

3. In an action against a municipality to recover for the death of a person thrown from a vehicle as it passed over a depression in a street caused by the improper filling of a ditch across the street, evidence of the condition in which the ditch was left on the east side of the street is admissible, although the vehicle was passing along the west side of the street at the time of the injury, where it appears that the ditch was in substantially the same condition on the west side of the street. Such evidence is admissible as showing that the ditch was left in the same general condition all the way across the street, and also for the purpose of imputing notice to the defendant of the defective condition in which the street had been left.

No. 2998. Submitted February 8, 1917. Decided March 6, 1917.

Note.—On the question of right of jurors to act on their own knowledge, see comprehensive note in 37 L.R.A.(N.S.) 790, particularly as to knowledge relating to matters not in evidence, see subd. III. of above note, page 796.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for the death of the plaintiff's intestate.                                        *Affirmed.*

The facts are stated in the opinion.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the appellant:

1. Where the cause of an accident is unknown, or rests in conjecture, or where one of two causes may have produced an accident, for one of which causes the defendant is responsible and for the other not, there can be no recovery. *Midland R. Co.* v. *Brownley,* 17 C. B. 372; *Cotton* v. *Wood,* 8 C. B. N. S. 568; *Harford Co.* v. *Wise,* 75 Md. 38; *Barton* v. *Railroad Co.* 60 Md. 555; *Smith* v. *Bank,* 99 Mass. 605; *Marble* v. *Worcester,* 4 Gray, 397; *Beach* v. *R. Co.* 180 Mich. 524; *Patton* v. *R. Co.* 179 U. S. 663; *Lorenson* v. *Menasha Co.* 56 Wis. 338, 14 N. W. 446; *Trapnell* v. *City,* 76 Iowa, 746, 39 N. W. 885; *Payne* v. *Ill. Cent.* 155 Fed. 76; *Smith* v. *Ill. Cent.* 200 Fed. 555; *Weaver* v. *R. R.* 3 App. D. C. 455; *Swart* v. *District of Columbia,* 17 App. D. C. 414, and cases there cited; *Wintuska* v. *Railroad,* 20 S. W. 819.

2. Where a person has been warned not to work with dangerous appliances or in a dangerous place and then disregards the warning, he accepts the consequences. *Cincinnati, etc., R. Co.* v. *Lohe,* 68 Ohio St. 101, 13 Am. Neg. Rep. 663; *Thane* v. *Scranton,* 191 Pa. 249, 6 Am. Neg. Rep. 185; *Woodroffe* v. *R. Co.* 201 Pa. 521, 11 Am. Neg. Rep. 346; *R. Co.* v. *Marus,* 62 S. W. 1012, 13 Am. Neg. Rep. 576; *Rolette* v. *R. Co.* 91 Minn. 16, 15 Am. Neg. Rep. 97; *R. Co.* v. *Rielly,* 40 Ill. App. 416; 9 Am. Neg. Cas. 263; *R. R.* v. *O'Keefe,* 154 Ill. 508, 9 Am. Neg. Cas. 257; *Fogarty* v. *R. R.* 56 App. Div. 624; *Stewart* v. *R. R.* 8 Houst. (Del.) 450, 13 Am. Neg. Cas. 743; *Downey* v. *Pence,* 98 Ky. 261, 15 Am. Neg. Cas. 216; *Prather* v. *R. R.* 80 Ga. 427, 14 Am. Neg. Cas. 191; *Burstow* v. *R. R.*

143 Mass. 535, 15 Am. Neg. Cas. 494; *R. R.* v. *Bradford,* 86 Ala. 574, 13 Am. Neg. Cas. 139; *R. R.* v. *Euches,* 127 Pa. 316, 6 Am. Neg. Cas. 312.

3. The court below erred in refusing to direct the verdict on the ground that the plaintiff's intestate was guilty of contributory negligence. *Warner* v. *Railroad,* 7 App. D. C. 84; *Schlemmer* v. *Railway,* 220 U. S. 590–596; *Railway* v. *Cramer,* 44 App. D. C. 158; *Railroad* v. *Schumacker,* 152 U. S. 77; *Prather* v. *Railroad,* 80 Ga. 427, 14 Am. Neg. Cas. 191; *Kresanowski's Case,* 18 Fed. 229.

4. The court below erred in refusing to strike out the testimony of the witness Frischhorn, who testified as to the condition of the road, telling how his motor had stalled and what trouble he had getting through. On cross-examination it appeared that the witness was *northbound,* traveling on the *east* side of the road. As the accident admittedly was on the *west* side of the road, the auto on which deceased was riding being *southbound,* it is not perceived how this testimony could be relevant, or assist the jury in determining the condition of the *west* road. Its only effect could have been to prejudice the jury strongly against the defendant. 2 Elliott, Roads & Streets, sec. 1156; *Dundas* v. *Lansing,* 75 Mich. 499, 13 Am. St. Rep. 465; *Streator* v. *Hamilton.* 49 Ill. App. 449; *Ruggles* v. *Nevada,* 63 Iowa, 185, 18 N. W. 866; *Bowles* v. *Kansas City,* 51 Mo. App. 416; *Hyatt* v. *Rondout,* 44 Barb. 385.

*Mr. W. W. Millan* and *Mr. R. E. L. Smith* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an action brought by appellee, Laura May Burke, administratrix of the estate of Walter L. Burke, plaintiff below, against the District of Columbia to recover damages for the death of her husband, Walter L. Burke, caused by being thrown from an automobile truck on one of the streets of this city.

It appears that the deceased was in the employ of the Potomac Electric Power Company, and was riding on one of its automo-

bile trucks in company with two other employees. His associates were riding on the seat, and Burke was sitting behind the seat on a tool box, with his feet hanging out over the car. Immediately under the body of the car on the side where Burke was sitting was located the sprocket chain for propelling the car. There is some evidence that he had been warned against sitting in that position as there was danger of his feet being caught in the chain. While in this position the car, running at the rate of about 14 or 15 miles per hour, passed over a depression in the street caused by the improper filling of a ditch where pipes had been laid, and Burke was thrown from the car to the street, receiving the injuries from which he soon thereafter died.

The case was here on a former appeal. *Burke* v. *District of Columbia,* 42 App. D. C. 438. We there disposed of the questions of negligence and contributory negligence; and, since the evidence before us is not materially different from that adduced in the former trial, the opinion will be adopted as conclusive of the matters there considered, the only new feature in the present appeal being the theory that Burke may have been injured from his feet becoming caught in the chain. He did not regain consciousness after the injury; hence there is no direct testimony as to exactly how the accident happened.

Counsel for the District insist that the evidence adduced at the trial is equally consistent with either of two theories. It is urged that Burke was either thrown from the car as the result of his foot getting caught in the chain, or was jolted from the car when it ran over the depression in the street. If the injury occurred in the former manner, it is claimed there would be no liability. It is sought, therefore, to invoke the rule that where the cause of the accident is unknown or rests in conjecture, or where one of two causes may have produced the accident, for one of which defendant would be responsible and the other not, there can be no recovery.

We are familiar with the rule that where the evidence fails to disclose the manner in which an accident occurred, and it may with equal certainty have happened in either one of two different ways, the jury will not be permitted to speculate as to

how it did happen and base a verdict purely upon such conjecture. *Midland R. Co.* v. *Bromley,* 17 C. B. 372, 139 Eng. Reprint, 1116, 25 L. J. C. P. N. S. 94, 4 Jur. N. S. 140, 4 Week. Rep. 258; *Cotton* v. *Wood,* 8 C. B. N. S. 568, 141 Eng. Reprint, 1288, 29 L. J. C. P. N. S. 333, 7 Jur. N. S. 168; *Harford County* v. *Wise,* 75 Md. 38, 23 Atl. 65; *State use of Barnard* v. *Philadelphia, W. & B. R. Co.* 60 Md. 555; *Smith* v. *First Nat. Bank,* 99 Mass. 605, 97 Am. Dec. 59, 1 Am. Neg. Cas. 523; *Marble* v. *Worcester,* 4 Gray, 395.

But the case was tried solely upon the theory that the accident resulted from the deceased being thrown from the automobile when it passed over the depression in the street. Of the fourteen prayers asked by counsel for defendant not one referred to either the chain theory or the fact that the accident may with equal certainty have occurred in either one of two ways. Indeed, prayer 9, which was granted, assumes that Burke came to his death from being jolted from the car as the result of the depression in the street. The prayer reads as follows: "If the jury find a verdict for plaintiff in this case, they are instructed to report in their verdict whether the alleged dangerous depression in the highway which caused the death of plaintiff's intestate was a trench which had been made for the introduction of water or gas, or made as a service sewer, for the adjoining houses." Nowhere in the trial was the theory here advanced called to the attention of the trial court. Neither is the general prayer for an instructed verdict broad enough to embrace this contention, since it can only be held to comprehend the sufficiency of the evidence to support the verdict upon the issues of the case as presented to the trial court. But, without stopping to turn the case upon technical grounds, we think the only reasonable inference to be drawn from the evidence is that deceased was injured by being jolted from the car when it passed over the depression in the street. The evidence fully justifies the inference, and this is sufficient to send the case to the jury. No error was committed on this point.

There are other assignments of error as to the admission of certain evidence relating to the condition of the street in the

vicinity of the point where the accident occurred, resulting from the improper manner in which the ditch in question had been filled. The ditch extended across the street. The accident resulted from crossing the ditch on the west side of the street. The testimony related to the condition in which the ditch was left where it crossed the east side of the street. When the objection was made, the trial justice interrogated the witness as follows: "As I understand the testimony of this witness, the ditch that he struck going north on the east side of the street was in a certain condition; that that ditch extended beyond the center line of the street, which would bring it to the west side, and that the ditch was in substantially the same condition, so far as he saw, on the west side of the center of the street. Is that right?" To which the witness replied, "That is right." The evidence, we think, was competent as showing the same general condition in which the ditch was left extending across the street, and, therefore, its condition at the point where the accident occurred; and also for the purpose of imputing notice to the District of the defective condition in which the street had been left for a long period prior to the happening of the accident.

The judgment is affirmed with costs.　　　　*Affirmed.*