**Madelaine O. WHITEHOUSE, Appellant,**

v.

**SAFEWAY STORES, INC., Appellee.**

**No. 12352.**

District of Columbia Court of Appeals.

Argued Jan. 5, 1978.

Decided April 25, 1978.

Harry L. Ryan, Jr., Washington, D. C., for appellant.

Ronald G. Guziak, Washington, D. C., for appellee.

Before GALLAGHER and MACK, Associate Judges, and FAUNTLEROY, Associate Judge, Superior Court of the District of Columbia.*

PER CURIAM:

Appellant slipped and fell in a Safeway Store, and sued alleging that her accident was caused by appellee's negligent and careless maintenance of the store. The trial court granted a motion for summary judgment in appellee's favor. Because the court erred in assessing the narrow question of notice, we reverse and remand for trial.

Appellant did not know what caused her to fall. After the accident, however, the Assistant Store Manager found a hole in a floor tile near the place of the fall, and a loose piece of linoleum about six feet away. There was no proof at all indicating that the particular tile in question was cracked or broken prior to the accident. There was, on the other hand, testimony in the depositions that one or two months before, tiles abutting or adjoining that tile had been replaced. There was also testimony that other tiles in the general vicinity were

* Sitting by designation pursuant to D.C.Code 1973, § 11–707(a).

crumbling. The trial court found that the evidence regarding the cause of the accident was sufficient to raise a jury issue, but that there was insufficient evidence on the question of notice.[1]

In *Seganish v. District of Columbia Safeway Stores, Inc.,* 132 U.S.App.D.C. 117, 120, 406 F.2d 653, 656 (1968), the court stated, in discussing the liability of storeowners for accidents on store premises,

> liability may also spring from a negligent failure to safeguard against dangers born of the activities of his customers. But negligence can be found in relation to a *customer-created hazard* only if it is known, or . . . should have been discovered, in time to afford a fair opportunity to remove it. [Emphasis supplied; footnotes omitted.]

The requirement of notice in the case of customer-created hazards is necessary if a storeowner is not to become an insurer of the condition of his store. *Id.* at 119, 406 F.2d at 655. Whether a similar requirement exists in cases involving non-customer-created hazards, as here is not clear. *See Zimmerman v. Safeway Stores, Inc.,* 133 U.S.App.D.C. 342, 346, 410 F.2d 1041, 1045–46 (1969).

If there is, however, such a requirement, we think it was satisfied in this case. One need only posit a more dangerous situation to see that this is true. Assume, for example, that appellee purchased fifty cans of tuna fish for resale, then discovered that one of those cans contained lethal impurities. If appellee merely disposed of that one can and left the other forty-nine on the shelf, when another of the cans proved to contain similar impurities and a customer died as a result, it would hardly be argued that the store had no notice of the danger.

We do not mean to suggest that where one tile in the store breaks, every tile in the building must be replaced. We only hold that the existence of decay in the area where this accident occurred raised a jury issue as to whether the store should have known of a latently dangerous condition. *Cf. District of Columbia v. Disney,* 65 App. D.C. 138, 140, 81 F.2d 272, 274 (1935) (evidence of hole 25 or 30 feet from place of accident admissible as it "should have indicated to the defendant that the entire place . . . . 'was undermined' "); *District of Columbia v. Burke,* 46 App.D.C. 215, 219–20 (1917) (evidence of condition on east side of road, in case where accident occurred on west side of road, relevant "for the purpose of imputing notice to the District of the

---

1. The trial court said, specifically:

Well, this is a fairly close case. I don't think it's quite like the grape case or some of those other cases where there is food and that type of thing on the floor. My general reaction is that the cause of this fall was probably not known by anyone and that it's very close to being speculated as to the evidence existing as to that matter. There is evidence of the tile being found two feet away that would apparently fit the place and that, of course, could have been a cause. Is that so speculated that under the cases, as counsel from Safeway has indicated, that the jury would be required to speculate as to what the cause of the fall was? Nobody really knows what caused this fall. That might have been the cause. My own inclination is that the evidence on that question of what caused the fall is, is close to being speculated, but at any rate, giving the plaintiff the benefit of the doubt on that question, I would say there is enough evidence, including [the Assistant Store Manager's] surmise that that caused the accident. I just don't believe there is enough evidence here of no-

tice to the store that this particular area where the lady fell was worn or had anything chipped. There was testimony that the store was completely swept and had been swept, I believe, about 40 minutes or 45 minutes before the accident and that there was no indication of any broken tile or anything like that.

It's hard, but I'm inclined to think that there is no, no basis of evidence of any notice to Safeway here sufficient to, to, under the law to give rise to possible negligence, even assuming that there was enough evidence to indicate the cause of the fall. The finding of the piece of tile under the, near the case— and assuming that the area under the case was somewhat worn or crumbling as the plaintiff has said—would not be noticed. It doesn't seem to me that the particular place in the tile was chipped and, or that there was a piece out of it on the day in question, and the point in question in view of the other testimony about what actions extraordinarily —I'm going on that basis of notice, I will grant the motion for summary judgment for Safeway.

defective condition in which the street had been left for a long period prior to the happening of the accident").[2] *See also Hines v. Safeway Stores, Inc.*, D.C.App., 379 A.2d 1174, 1175 (1978) (question of constructive notice is one peculiarly within the province of the jury).

Of course, even if appellee did have constructive notice of a possibly dangerous condition, this is not determinative of the issue of negligence. The store is "not expected to assume burdens of care which are unreasonable in the light of the relative expense and difficulty . . . as weighed against the probability and seriousness of the foreseeable harm to others." *Daisey v. Colonial Parking, Inc.*, 118 U.S.App.D.C. 31, 34, 331 F.2d 777, 780 (1963). Upon trial of this case, the jury may be so charged. *See Smith v. Arbaugh's Restaurant, Inc.*, 152 U.S.App.D.C. 86, 95 n. 49, 469 F.2d 97, 106 n. 49 (1972).

*Reversed.*

**2.** It may bear mentioning that in *Disney* and *Burke,* as in the instant case, the evidence tending to show constructive notice also constitutes circumstantial proof of a pre-existing defective condition . *Cf. S. Kann's Sons Corp. v. Hayes*, D.C.App., 320 A.2d 593, 595 (1974) (question of notice only becomes relevant after a defective condition is shown).