**GERICO INVESTMENT COMPANY, Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**
**Public Service Television, Inc., Intervenor.**

**No. 14179.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 6, 1958.

Decided May 29, 1958.

Mr. Fred J. Eden, Jr., Washington, D. C., for appellant.

Mrs. Ruth V. Reel, of the bar of the Supreme Court of Conn., pro hac vice, by special leave of court, with whom

Messrs. Warren E. Baker, Gen. Counsel, Federal Communications Commission, and Richard A. Solomon, Asst. Gen. Counsel, Federal Communications Commission, were on the brief, for appellee.

Mr. Norman E. Jorgensen, Washington, D. C., with whom Messrs. William I. Denning and A. G. Hardy, Washington, D. C., were on the brief, for intervenor.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

The principal question pressed on this appeal[1] not foreclosed by our decision in a Gerico Investment Co. v. FCC, 99 U.S. App.D.C. 379, 240 F.2d 410, is whether the license of Gerico for television station WITV, on UHF Channel 17, Fort Lauderdale, Florida, a community located twenty-five miles north of Miami, Florida, has been modified by the grant of a construction permit to intervenor Public Service Television, Inc., for the operation of a television station on VHF Channel 10, Miami. If so the Commission erred in failing to comply with section 316(a) of the Federal Communications Act, 66 Stat. 717, 47 U.S.C. § 316 (1952), 47 U.S.C.A. § 316(a), which provides that no modification of a license shall become final,

> "until the holder of the license or permit shall have been notified in writing of the proposed action and the grounds and reasons therefor, and shall have been given reasonable opportunity, in no event less than thirty days, to show cause by public hearing, if requested, why such order of modification should not issue * * * ."

Gerico's theory of modification may be stated as follows: Since it operates in the same area of reception as Channel 10 and since operation of a VHF station on that channel seriously and adversely affects Gerico economically, its own license previously issued to it as a matter of public interest, convenience,

1. The appeal is by Gerico from Orders of the Commission granting to Intervenor a construction permit for the use of Channel 10, Miami, and denying Gerico's Petition for Reconsideration, Rehearing and Request For Stay of Construction.

and necessity, can no longer be effective in those respects, thus being modified.

We assume that the economic factors relied upon by Gerico were proper to be considered by the Commission, if then brought to its attention, when it decided that a Channel 10 operation should be authorized at Miami, cf. Greylock Broadcasting Co. v. United States, 97 U.S.App. D.C. 414, 231 F.2d 748, as well as when it initially allocated the channel to Miami. They would also give standing to Gerico as a party in interest to participate in proceedings with respect to the authorization of operation, and as a person aggrieved under the judicial review provisions of the statute. See Federal Communications Commission v. Sanders Bros. Radio Station, 309 U.S. 470, 60 S.Ct. 693, 84 L.Ed. 869; Gerico Investment Co. v. FCC, supra. But we cannot agree that they constitute a modification of Gerico's license. It is true that electrical interference constituted a modification in the circumstances presented in Federal Communications Commission v. National Broadcasting Co., 319 U.S. 239, 63 S.Ct. 1035, 87 L.Ed. 1374, and see L. B. Wilson, Inc., v. FCC, 83 U.S.App.D.C. 176, 170 F.2d 793; but those cases held that there were incorporated in the license of the complaining station certain Commission rules that provided for an electrically free channel on which the existing station would operate. If another station were allowed to operate on that channel the Commission rules would be changed and the license in effect modified. See Federal Communications Commission v. National Broadcasting Co., 319 U.S. at page 245, 63 S.Ct. at page 1037. When Gerico was licensed, however, there was no provision in any Commission rule which could be said to have read into Gerico's license a guarantee of financial success or protection from economic injury, or which deterred the Commission from authorizing station operation on a channel previously duly allocated, as was VHF Channel 10 at Miami. While the allocation had not matured into actual operation of a station on the channel at the time Gerico's license was issued, the Commission could later find, without modifying Gerico's license, that such operation was a matter of public interest, convenience, and necessity notwithstanding economic injury to Gerico. The correctness of such a decision is not now before us. We hold only that it did not lead to a modification of Gerico's then existing license, which contained no express or implied terms insuring financial success or freedom from hurtful competition by such developments in the area as here occurred under the Act.

■ Appellant also questions the Commission's action in the light of section 307(b) of the Act, 48 Stat. 1083 (1934),. 47 U.S.C. § 307(b) (1952), 47 U.S.C.A. § 307(b), which provides,

"In considering applications for licenses, and modifications and renewals thereof, when and insofar as there is demand for the same, the Commission shall make such distribution of licenses, frequencies, hours of operation, and of power among the several States and communities. as to provide a fair, efficient, and equitable distribution of radio service to each of the same."

Appellant here bases its contention on the fact that the Channel 10 operational authorization will probably result in Fort Lauderdale losing its only locally originating television station.

The Commission is required to consider the factors set forth in Section 307(b), and we assume it may do so in adjudicatory proceedings such as this. But having considered them in other related proceedings we think it was not required to cover here the same ground again. They were before the Commission in the Miami rule-making proceeding, involving the retention and possible change of assignments of VHF channels and stations in the Miami-Fort Lauderdale area.[2] Prior thereto they were also considered in the formulation of the 1952 Table of Assignments, subsequent to the

2. The Miami rule-making proceedings will be subject to judicial review when ripe therefor.

Sixth Report and Order of the Commission containing its decision that the distribution of channels and changes in their allocation should be by the rule-making method. In these circumstances we think the Commission was not required to review the Section 307(b) factors in this adjudicatory proceeding. See Logansport Broadcasting Corp. v. United States, 93 U.S.App.D.C. 342, 345, 210 F. 2d 24, 26. This view is consistent with our approach to the general UHF-VHF problem considered in Coastal Bend Television Co. v. FCC, 98 U.S.App.D.C. 251, 234 F.2d 686, and to the particular aspect of that problem in the Miami-Fort Lauderdale area which we considered in Gerico Investment Co. v. FCC supra.

Affirmed.