Harold FRIEDMAN, Trustee in Bankruptcy for the Gerico Investment Company, Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee.

WTVJ, Inc., Publix Television Corporation, Intervenors.

Harold FRIEDMAN, Trustee in Bankruptcy for the Gerico Investment Company, Petitioner,

v.

UNITED STATES of America, and Federal Communications Commission, Respondents.

WTVJ, Inc., Publix Television Corporation, Intervenors.

Nos. 14386, 14387.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 12, 1959.

Decided Jan. 29, 1959.

Mr. Fred J. Eden, Jr., Washington, D. C., for appellant in No. 14386 and petitioner in No. 14387.

Mr. Joel Rosenbloom, Counsel, F.C.C., for appellee in No. 14386 and respondents in No. 14387. Messrs. John L. Fitzgerald, Gen. Counsel, F.C.C., Richard A. Solomon, Asst. Gen. Counsel, F.C.C., Richard M. Zwolinski, Counsel, F.C.C., and Daniel M. Friedman, Atty., Dept. of Justice, were on the brief for appellee in No. 14386 and respondents in No. 14387. Mr. Edgar W. Holtz, Associate Gen. Counsel, F.C.C., also entered an appearance for appellee in No. 14386 and respondents in No. 14387.

Mr. Marcus Cohn, Washington, D. C., was on the brief for intervenor WTVJ, Inc. Mr. Paul Dobin, Washington, D. C., also entered an appearance for intervenor WTVJ, Inc.

Mr. Aloysius B. McCabe, Washington, D. C., with whom Messrs. Reed T. Rollo and R. Russell Eagan, Washington, D. C., were on the brief, for intervenor Publix Television Corp.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

**494**

PER CURIAM.

█ Pursuant to § 402(a) of the Communications Act,[1] Gerico Investment Company[2] petitions this court in No. 14387 for review of the action of the Commission in assigning a new and fourth VHF channel, No. 6, to Miami, Florida, in a rule-making proceeding. Gerico contends that this action constitutes a modification of its own UHF license on Channel 17 at Fort Lauderdale, Florida. The argument is that the economic effect of assigning Channel 6 to Miami will cause such severe economic injury to Gerico's operations on Channel 17 as to constitute a modification of its license. On the basis of the reasoning which led us to conclude that the grant of a construction permit for a VHF station on Channel 10 at Miami did not constitute in law a modification of Gerico's license at Fort Lauderdale on Channel 17 we are unable to accept Gerico's present contention. See Gerico Investment Co. v. Federal Communications Commission, 103 U.S.App.D.C. 141, 255 F.2d 893.

█ Gerico's petition also challenges the action of the Commission in refusing to modify Gerico's own license, above referred to, by permitting operation on the new VHF Channel 6 in lieu of Channel 17. It is urged that in this manner the Commission could remedy the problem by placing Gerico in a position to have a fair chance of operating successfully in competition with VHF stations in the area. To sustain this contention we would be required to hold, as we cannot do, that the Commission has been arbitrary, capricious, and unreasonable in opening the question of allocating Channel 6 to other applicants as well as to Gerico. The disposition of this chan-

nel is now before the Commission to be determined in a consolidated proceeding in which we must at present assume that the rights of the respective applicants, including Gerico, will be respected by the Commission, subject to judicial review.

█ The actions of the Commission above discussed will be sustained in case No. 14387. The appeal in case No. 14386, filed pursuant to § 402(b), directed to the same matters, will be dismissed for lack of jurisdiction, since the provisions for judicial review contained in §§ 402(a) and 402(b) are mutually exclusive.

It is so ordered.

---

1. 48 Stat. 1093 (1934), as amended, 66 Stat. 718, 47 U.S.C. § 402(a) (1952), 47 U.S.C.A. § 402(a).

2. Gerico Investment Company appeared in all proceedings before the Commission in cases No. 14386 and No. 14387. During oral argument in this court counsel for Gerico stated that subsequent to the Commission's decision Gerico had been

adjudged a bankrupt and that a trustee in bankruptcy had been appointed. Permission was granted to file a motion for substitution of the trustee as a party in these actions. We have granted the motion and entered our order accordingly. For better understanding and also as a matter of convenience, however, we use in the text of our opinion the name of Gerico rather than that of the trustee.