**GIANT FOOD STORES, INC., Appellant,**

v.

**Ida M. FINE, Appellee.**

**No. 14680.**

United States Court of Appeals District of Columbia Circuit.

Argued April 23, 1959.

Decided June 11, 1959.

Petition for Rehearing Denied July 27, 1959.

Mr. Paul R. Connolly, Jr., Washington, D. C., with whom Mr. Charles C. Abeles, Washington, D. C., was on the brief, for appellant.

Mr. Ralph F. Berlow, Washington, D. C., with whom Messrs. William T. Hannan, Joseph F. Castiello, and Kent D. Thorup, Washington, D. C., were on the brief, for appellee.

Before BAZELON, BASTIAN and BURGER, Circuit Judges.

## PER CURIAM.

The defendant (appellant) appeals from a judgment entered by the District Court on a jury verdict for injuries sustained by the plaintiff (appellee) when she fell in appellant's store. The case was submitted to the jury on two theories: first, that appellant was negligent in using soap to clean its terrazzo floor, thereby allegedly creating a slippery film; and, secondly, that appellant negligently mopped the floor and left it damp and slippery at the place where appellee fell.

We think the case must be reversed because it should not have been submitted to the jury on the first of these two grounds.

A biological chemist, called by appellee as an expert, testified that when soap is used in washing a terrazzo floor the sodium, or potassium salt, in the soap chemically reacts with the calcium hydroxide in the terrazzo to produce a calcium soap (calcium stearate), which causes a slippery film. He also testified that no such result occurs when a detergent is used instead of soap. However, on cross examination he was questioned regarding a statement made by him at a previous trial of the case, wherein he had testified:

> "The question was, I think, what would happen if a floor was mopped every morning under some certain set of conditions, and I said I believe what type of chemical reaction would take place, but as to the extent of the build-up of a film, how long it would take, how much it would take, would depend on a lot of things that we just don't know. I indicated, I believe, that traffic might tend to abrade it, probably would, but it might also tend to polish it."

He then conceded that this was also his testimony at the trial here under consideration. He further testified that he had not seen the floor in question until three years after the accident. The store had been in operation only three months at the time appellee fell, and there was testimony that both detergents and soap had been used at different times during that period.

As was said by the court in Balaban & Katz Corp. v. Commissioner of Internal Revenue, 7 Cir., 1929, 30 F. 2d 807, 808:

> "Opinion evidence, to be of any value, should be based either upon admitted facts or upon facts, within the knowledge of the witness, disclosed in the record. Opinion evidence that does not appear to be based upon disclosed facts is of little or no value."

We think the evidence on this first point was too speculative to go to the jury.

We feel, however, that the second point—whether mopping operations had caused the surface of the floor to be negligently left in a damp condition—was a proper one to go to the jury. There was evidence at the trial that, prior to the accident, a porter was mopping the floor in the vicinity of the accident. There was also evidence that the floor

where appellee fell was damp, and evidence to the contrary.

The judgment must, therefore, be reversed and the case remanded for a new trial since it is impossible to determine on which of the two grounds, if not both, the verdict was based.

Reversed and remanded for new trial.