**Bessie RUFFIN, Appellant,**

v.

**TRANS–LUX THEATRE, a body corporate, and T. Altimont, t/a U. S. Tile & Marble Co., Appellees.**

No. 2483.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 23, 1959.

Decided Dec. 15, 1959.

De Long Harris, Washington, D..C., for appellant.

William J. Donnelly, Jr., Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee Trans-Lux Theatre.

James C. Gregg, Washington, D. C., with whom Hugh Lynch, Jr., and Charles E. Channing, Jr., Washington, D. C., were on the brief, for appellee T. Altimont.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Appellant suffered a fall in a theatre lobby. She sued the theatre and a contractor who had done some work on the lobby floor. At the end of her case the trial court directed verdicts for both defendants.

■ Our first question is whether there was a prima facie case. Plaintiff fell as she was stepping from the carpeted area of the theatre through a door onto the terrazzo floor of the lobby. Describing the floor, plaintiff on direct examination said, "It was slick or something there"; "it was either icy or glassy"; "it looked like glass and was very shiny and slick." She also said the theatre manager told her something had been put on the floor that morning, but she could not recall what he said it was. On cross-examination she said the floor was dry but "glassy", "slippery", and looked like glass. She saw no grit, sandy substance or water on the floor. A lady who was with plaintiff testified that the floor looked "very glassy", "as if it had been waxed." Also that after the fall, there was on plaintiff's coat something of a "brownish looking color" which had not been there before. Plaintiff also called the theatre district manager who said the contractor's men had

worked on the floor a week earlier and had returned that day to make the repaired areas match the color of the rest of the floor, and also ("I imagine") to smooth it out; that the machine they used had a carborundum wheel, but no brushes. He said there were about 300 light bulbs under the theatre marquee, which gave the ter-razzo floor a glow, and sometimes made even the outside concrete sidewalk look shiny.

On the record before us we must hold that plaintiff's evidence viewed in its most favorable light, was insufficient to make out a prima facie case. There was no evidence from which the jury could have found or inferred that plaintiff's fall was caused by a foreign or dangerous substance on the floor, or by negligent maintenance. This case is quite unlike Doctors Hospital v. Badgley,[1] relied on by appellant. There, on a rainy day, the floor was "visibly and palpably wet" and defendant had made no effort for six hours to go over it with a dry mop. This case is also unlike Giant Food Stores, Inc. v. Fine,[2] where it was said that whether mopping operations had left a floor in a damp condition was a question for the jury. Nor is there help for appellant in Embry v. Sears, Roebuck & Company,[3] where we held that plaintiff was entitled to go to the jury on evidence that there was a visibly protruding obstruction in a store aisle.

■ We agree that negligence may sometimes be proved by circumstantial evidence. But merely proving a fall is not enough. All that plaintiff proved here is that she fell on a floor which was shiny or slippery. In a recent case such evidence was held insufficient. Brooks v. Capital Transit Co., 105 U.S.App.D.C. 48, 263 F.2d 494. There, as appears from recitals in the

joint appendix (though not repeated in the opinion), plaintiff fell on bus steps which she described thus: "they looked a little shiny"; "I had a feeling that there was something slippery on the steps"; and "It felt like my foot was sliding in something." The case was dismissed at pretrial, and the ruling was affirmed on appeal.

So also, a directed verdict was affirmed when a plaintiff who had fallen said "there must have been something wrong or it would not have pulled the heel off my shoe." Brown v. Capital Transit Co., 75 U.S.App.D.C. 337, 127 F.2d 329, certiorari denied, 317 U.S. 632, 63 S.Ct. 61, 87 L.Ed. 510. To the same effect is Reece v. Capital Transit Co., 97 U.S.App.D.C. 274, 230 F.2d 824.

The strongest part of plaintiff's showing was that "something" had been put on the floor. But that something was not described—and certainly was not characterized as being dangerous or likely to cause a fall. The same must be said of the evidence that after the fall there was a "brownish substance" on her coat. The evidence gave no clue as to what the substance was. We need not go as far as those decisions which hold that merely waxing or oiling a floor is not negligence *per se*.[4] Here there was simply no proof that plaintiff's fall was in any way connected with anything which had been done to the floor. On so bare a showing a plaintiff cannot be permitted to get to the jury. See MacMaugh v. Baldwin, 99 U.S.App.D.C. 247, 239 F.2d 67; F. W. Woolworth Co. v. Williams, 59 App.D.C. 347, 41 F.2d 970.

Appellant says the motions for directed verdict were made before her case was closed. But the transcript clearly shows that her counsel had announced that he had no additional witnesses to present, except

1. 81 U.S.App.D.C. 171, 156 F.2d 569.

2. D.C.Cir., 269 F.2d 542.

3. D.C.Mun.App., 144 A.2d 891.

4. Burg v. Great Atlantic & Pacific Tea Company, 7 Cir., 256 F.2d 613; Sears, Roebuck & Company v. Wedgeworth, 5 Cir., 252 F.2d 759. See also Scott v. United States, D.C.N.D.N.Y., 158 F. Supp. 810.

one or possibly two physicians; also that he did not protest the timeliness of the motions, but participated fully in arguing the motions on their merits. The contention is without merit.

Another question is whether appellant should have been permitted to call an additional witness after her case had been closed and arguments heard, and apparently completed, on the motions for directed verdict. Under the circumstances this was a matter of discretion. Edgar v. Thayer, D.C.Mun.App., 155 A.2d 251. The trial court did not abuse or improperly exercise that discretion.

Affirmed.