Bessie RUFFIN, Appellant

v.

TRANS-LUX THEATER, a body corporate, et al., Appellees.

No. 15486.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 29, 1960.

Decided Nov. 10, 1960.

Mr. DeLong Harris, Washington, D. C., for appellant.

Mr. William J. Donnelly, Jr., Washington, D. C., with whom Messrs. Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief for appellee Trans-Lux Theater, Inc.

Mr. James C. Gregg, Washington, D. C., with whom Messrs. Hugh Lynch, Jr., and Charles E. Channing, Jr., Washington, D. C., were on the brief, for appellee T. Altimont, t/a U. S. Tile and Marble Co.

Before BAZELON, FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

We allowed leave to appeal in this personal injury case from the Municipal Court of Appeals because our preliminary examination of the record indicated the court may have applied a wrong standard in determining that the trial court properly directed verdicts in favor of both defendants-appellees at the close of the plaintiff-appellant's case. After fully considering the case upon presentation of the appeal, however, we conclude that the Municipal Court of Appeals did

apply the proper standard and that its opinion was correct.[1] The judgment of the Municipal Court of Appeals is therefore

Affirmed.

FAHY, Circuit Judge (dissenting).

Not being able to distinguish in any significant respect the situation presented by plaintiff's evidence and that which was before this court in Giant Food Stores, Inc. v. Fine, 106 U.S.App.D.C. 95, 269 F.2d 542, I would reverse upon the authority of that case .

---

1. 156 A.2d 678 (1959). We agree with the Municipal Court of Appeals that Giant Food Stores, Inc. v. Fine, 1959, 106 U.S.App.D.C. 95, 269 F.2d 542, is distinguishable. There we held that the jury could reasonably find negligence from evidence that the floor upon which plaintiff fell was left, after mopping, wet and therefore dangerous. Here there is no evidence of what had been done in repairing the floor. Hence there is no basis upon which the jury could have found that the floor was negligently left in a dangerous condition.