**Margaret W. RULE, Appellant,**

v.

**Alfred L. BENNETT, Bernard Gewirz and Charles I. Kaplan, Appellees.**

**Alfred L. BENNETT, Bernard Gewirz and Charles I. Kaplan, Appellants,**

v.

**Margaret W. RULE, Appellee.**

Nos. 3790, 3791.

District of Columbia Court of Appeals.

Argued Jan. 24, 1966.

Decided May 12, 1966.

Richard H. Nicolaides, Washington, D. C., for Margaret W. Rule. Richard A. Bartl, Washington, D. C., also entered an appearance for Margaret W. Rule.

Daniel M. Head, Washington, D. C., with whom Charles E. Pledger, Jr., Washington, D. C., was on the brief, for Alfred L. Bennett, Bernard Gewirz and Charles I. Kaplan.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

Margaret W. Rule sustained personal injury attributed to a fall in the hallway of an office building where she was employed by a tenant. The building was owned and operated jointly by Alfred L. Bennett, Bernard Gewirz and Charles I. Kaplan. She brought suit against them for damages allegedly caused by their negligence in the maintenance of the hallway floor. Among the defenses to the action, the owners asserted a complete release in writing from Mrs. Rule of all claims arising out of the fall. After trial, upon a special interrogatory submitted by the trial judge, the jurors found that the purported release was invalid because secured by undue influence upon Mrs. Rule and awarded her damages in the amount of $3,000. Thereafter, the trial judge granted the owners' motion for a judgment in their favor notwithstanding the jury verdict and, without assigning any reasons therefor, also granted them a new trial in the event of reversal by this court. As a result, two appeals are before us: one by Mrs. Rule from the judgment by the trial judge in favor of the owners despite the jury verdict in her favor, and the other by the owners citing as error the refusal of the trial judge to allow a separate trial on the issue of the validity of the release and the submission of this issue to the jury for determination. We have considered these two appeals *seriatim,* although both are from the final judgment of the trial court entered May 6, 1965.

*No. 3790—Appeal by Margaret W. Rule*

Appellant Rule's principal assignment of error is the action of the trial judge in granting judgment for the owners of the building notwithstanding the jury verdict in her favor. She contends her evidence adequately supported the jury verdict.

Mrs. Rule testified that she entered the office building where she was employed about 8 a. m. and, as she stepped into the hallway of the lower lobby on her way to the cafeteria, she slipped and fell. She stated the floor was very slippery, "like stepping on an ice rink," but that she saw no defects in the floor or any foreign material or debris in the area where she fell or any oil stain or wax upon her shoes, hands or clothing after her fall. The record reflects that for cleaning and dusting the hallways, including the section where Mrs. Rule fell, a chemically-treated cloth called a Kex cloth was used every evening and that about twice a week, after the floors were mopped with the Kex cloth, a detergent-type wax was applied and then the floors buffed. The night cleaning supervisor could not recall whether the floors had been waxed and buffed the night before Mrs. Rule fell. Although he stated he had never observed an oily residue remaining on the floor after cleaning it with the Kex cloth, Mrs. Rule produced a witness, testifying as an expert in the field of floor maintenance, who stated that in 1955 he had participated in tests for the government investigating the use of Kex cloth from the standpoint of both economy and safety and found that it imparted an oily substance which, on a waxed vinyl floor as here, could create a dangerous situation and that, as a result of these studies, regulations were issued for the use of Kex cloth in government buildings which directed that it be employed only on surfaces which were not waxed and not heavily traveled by pedestrians, as on floors under desks, chairs and tables. The witness also stated that the oily substance could be eliminated by the application of detergent wax to the floor.

Questioning elicited that he did not know whether the manufacturer of the Kex cloth had changed its composition since the studies in 1955 or whether the regulations were still in effect. He also admitted he had no personal knowledge of the condition of the floor here involved.

In granting the owners' motion for judgment notwithstanding the jury verdict, the trial judge found that there was no evidence of negligence upon which the verdict could be permitted to stand. He held that our decision in Ruffin v. Trans-Lux Theater, D.C.Mun.App., 156 A.2d 678 (1959), denying recovery for damages sustained by a theater patron when she fell as she stepped from a carpeted area onto a terrazzo floor of the lobby, which "looked like glass" and "was very shiny and slick," was controlling. We are in accord that this case is substantially the same in facts and in principle to the one before us.

■ The owner of a building into which the public, including employees of the building tenants, is invited, is not an insurer of the safety of such persons but is required only to maintain the public areas in a reasonably safe condition.[1] The burden rests upon the injured invitee to prove that the owner was negligent either in creating an unsafe condition or in permitting a hazard to exist for an unreasonable length of time without correction, thereby constituting constructive knowledge thereof, and that this omission of care was the proximate cause of the injuries sustained.[2]

■ Upon review of the action of the trial judge in granting judgment for appellees notwithstanding the jury verdict in favor of Mrs. Rule, the evidence must be considered in the light most favorable to appellant and she must be afforded every reasonable inference,[3] but she is not entitled to inferences based on guess or speculation.[4] Proof of the happening of an accident does not permit an inference of negligence, but this must be established by a preponderance of competent evidence. A verdict cannot be upheld which clearly rests on a speculation that the injury may have been caused by the fault of another.[5]

Assessing the evidence as heretofore summarized, we find that Mrs. Rule established only that she had fallen; she did not show that her fall was in any way connected with anything which had been done to the floor or an omission of care on the part of appellees. Any support she had expected from the testimony of her expert witness was nullified by his admission that his opinions were based upon tests made about six years prior to her fall and that he did not know whether, as a result of these studies, the manufacturer had changed the composition of the Kex cloth so that it was safe for use in heavily trafficked areas.

■ Mrs. Rule argues that the use of the chemically-treated cloth every evening which, she alleges, imparted an oily substance to the floor, plus her fall on a surface which she characterized as slippery, were sufficient to support the jury verdict in her favor. At most she showed only that an oily substance *might* have been discharged by the cleaning cloth and *might* have been present on the floor; but it was equally probable (assuming, *arguendo,* that an oily substance was deposited) that the floor had been waxed and buffed, which would have removed any remaining oily residue. If two possible conclusions can be inferred from the evidence adduced, nei-

1. See McNamara v. United States, 199 F. Supp. 879 (D.C.D.C.1961), and cases cited therein.

2. Napier v. Safeway Stores, Inc., D.C. App., 215 A.2d 479 (1965).

3. Dixon v. District of Columbia, D.C. Mun.App., 168 A.2d 905 (1961).

4. Napier v. Safeway Stores, Inc., supra, note 2.

5. See Horne v. Adams and H. L. Rust Company, D.C.App., 218 A.2d 513, decided April 15, 1966; Winthrop v. 1600 16th St. Corp., D.C.App., 208 A.2d 624 (1965).

ther can be said to have been proved,[6] and the judgment must go against the party upon whom the burden rests.

■ Upon the record here, we hold that the findings by the jury in favor of Mrs. Rule must have been based on speculation that an oily film remained after the use of the chemically-treated cloth, that it was present when Mrs. Rule fell, and that it created a dangerous situation which caused her to fall.[7] Conclusions arising from speculation do not satisfy the requirement of proof by a preponderance of evidence. On so bare a showing of liability as presented by appellant here, we hold that the trial judge properly granted judgment for the owners of the building notwithstanding the jury verdict in favor of Mrs. Rule as there was, in our judgment, no basis upon which the jury could reasonably have found or inferred that Mrs. Rule's fall was caused by the negligent maintenance of the hallway by appellees.

■ In view of our ruling upholding the trial judge's decision in favor of the owners, we are not required to pass upon his award of a new trial to them in the event of reversal here. We point out, however, that proper practice dictates that the trial judge should indicate the grounds for his action. Montgomery Ward & Company v. Duncan, 311 U.S. 243, 253, 61 S.Ct. 189, 85 L.Ed. 147 (1940); Court of General Sessions Rule No. 50(c) (1).

*No. 3791—Appeal by Alfred L. Bennett et al.*

As our determination in case No. 3790 disposes of the necessity for consideration of the errors alleged by the building owners in their cross-appeal relating to the failure of the trial judge to try separately the issue of the validity of the release instead of sub-

mitting this question to the jury for determination, their appeal is dismissed without prejudice.

No. 3790—Affirmed; No. 3791—Dismissed without prejudice.

---

6. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720 (1930); Capital Transit Co. v. Gamble, 82 U.S.App.D.C. 57, 160 F.2d 283 (1947); Fliss v. Reliable Construction & Realty Co., D.C.Mun.App., 31 A.2d 655 (1943).

7. Compare Sears, Roebuck & Co. v. Barkdoll, 353 F.2d 101 (8th Cir. 1965); Wood v. Conneaut Lake Park, Inc., 417 Pa. 58, 209 A.2d 268 (1965).