Naomi Blanche TAYLOR, Appellant,

v.

D. C. TRANSIT SYSTEM, INC.,
a corporation, Appellee.

No. 4735.

District of Columbia Court of Appeals.

Argued Sept. 15, 1969.

Decided Nov. 7, 1969.

H. Alan Young, Washington, D. C., with whom William R. Lichtenberg and Joseph Luria, Washington, D. C., were on the brief, for appellant.

David L. Hilton, Washington, D. C., with whom Anthony E. Grimaldi, Washington, D. C., was on the brief, for appellee.

Before FICKLING, GALLAGHER and NEBEKER, Associate Judges.

FICKLING, Associate Judge:

Appellant appeals from an order granting appellee's motion for summary judgment.

The appellant filed a complaint for personal injuries suffered in a fall. She alleged that appellee "negligently, carelessly and unlawfully permitted an amount of ice, snow or water to accumulate upon the step" of one of its Minibuses, which caused her to slip and fall. The appellee denied negligence.

The only evidence presented at the hearing on the motion was appellant's deposition in which she testified that she could not "say exactly" what made her slip but that "it must have been the ice and snow"; that she "noticed" that the steps were slippery after she fell, and that "part of the step looked rounded." Appellant contends that this testimony alone made out a prima facie case, and that a jury should be allowed to hear the testimony of the bus driver "who knew of the accident" and a Transit inspector who, after the accident, "almost fell too."

In Brooks v. Capital Transit Company, 105 U.S.App.D.C. 48, 263 F.2d 494 (1959), the plaintiff also fell on bus steps. She testified that "they looked a little shiny"; "I had a feeling that there was something slippery on the steps"; and "it felt like my foot was sliding in something." The case was dismissed at pretrial and affirmed on appeal.

In Ruffin v. Trans-Lux Theatre, D.C. Mun.App., 156 A.2d 678 (1959), another slip and fall case, plaintiff testified that the floor "was slick"; "it was either icy or glassy"; "it looked like glass and was very shiny and slick." One of her witnesses corroborated this testimony. There was also testimony that the floors had been worked on the morning of the accident. Nevertheless, the court held "that plaintiff's evidence viewed in its most favorable light, was insufficient to make out a prima facie case." 156 A.2d at 680.

We feel that both of these cases control the case at bar and, therefore, it was not error to grant the motion for summary judgment. Certainly, it is not the purpose of summary judgment to deny parties a right to trial if they really have issues to litigate. Aderholt v. Lewis, D.C.App., 187 A.2d 488, at 489 (1963). But where, as here, there are no factual issues, no doubts to be resolved, the movant is entitled to judgment as a matter of law.

The allegation that the bus driver and inspector had some information concerning the accident, without any elaboration as to what their testimony might be, does not distinguish this case in our view. Appellant certainly had ample opportunity to offer the trial court this information, either at or prior to the hearing on the motion for summary judgment.

Affirmed.