S. KANN'S SONS CORPORATION, a Delaware corporation, t/a Kann's Department Store, Appellant,

v.

Edna P. HAYES, Appellee.

No. 7661.

District of Columbia Court of Appeals.

Argued March 27, 1974.

Decided May 30, 1974.

Rehearing Denied June 20, 1974.

**594**

———◆———

Gary W. Brown, Washington, D. C., with whom James C. Gregg and Hugh Lynch, Jr., Washington, D. C., were on the brief, for appellant.

Ira C. Wolpert, Washington, D. C., for appellee.

Before KELLY, PAIR and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

This appeal is from a $2,500 judgment for plaintiff-appellee in a personal injury action tried before a jury. A second judgment in the same cause wherein the court imposed sanctions against appellant in the sum of $100 is also appealed.

■ The trial court denied a motion for a directed verdict after appellee's opening statement. It also denied appellant's motion for a directed verdict made after plaintiff rested as well as a motion made after all of the evidence was adduced. Appellant claims all three rulings were in error but since appellant elected to intro-

duce evidence, it waived its earlier motions.[1] We therefore turn to the ruling on the motion made after all of the evidence was adduced.

The action is based on injuries stemming from appellee's fall on the next to top step of a metal staircase that leads from the second to the first floor of appellant's downtown store. On the issue of negligence and proximate cause all of appellee's testimony came from herself and from an officer of appellant store.

The thrust of appellee's testimony was that as she approached the stairs from the top side she noticed they were steep, that they were made of metal and that the surface of the strip along the outside edge of the first step below the landing was smooth and shiny. She didn't see any foreign substance on the steps or anything else unusual about them. She didn't know of what material her shoe sole was made. As she put her right foot on the step she slipped, causing her to fall down several steps resulting in injuries to her person. The heel came off of her right shoe in the course of the accident; she didn't know when. No expert testimony was presented to show that the steps were unsafe.

Appellee's other witness, a vice-president of appellant corporation, testified that the steps were not smooth but were, rather, rough with "hatch-marks". He was, however, unable to give testimony as to the specific condition of the steps at the time of the accident. He further testified that the steps would become smooth from wear and were replaced from time to time as a safety factor; he could not say how often they were replaced.

There was no testimony that the step was slippery, although appellee stated several times that it was "shiny".

The defense produced two witnesses: the first floor supervisor at the store, who did not witness the accident, but was with-

1. District of Columbia v. Hickey, D.C.Mun. App., 150 A.2d 463 (1959) ; 5A Moore's Federal Practice ¶ 50.05[1] at 2341 (1971) and cases cited in n. 2.

in view of it when it occurred, and an employee who had taken appellee to the dispensary in the store. This employee said she observed the steps, noted that they had grooves in them and that she couldn't see anything wrong with them. She also said that there are warning signs at the top and at the landing that read "Watch your step". The supervisor testified that there were grooves on the step that went all the way to the end of the front edge but that the front edge was smooth. He also identified photographs that had been taken of the stairs.

The defense recalled the vice-president of the store who had testified previously for the appellee. Over the objection of appellant, an accident report from the files of appellant was introduced regarding a fall on the same stairs by another person eight months before the accident in question. We do not have a copy of that report before us. In overruling appellant's objection to the admission of the report, the court said, "He may not argue that it shows negligence. All it shows is notice." The jury was instructed accordingly.

■■ It is not clear of what the report is supposed to constitute notice. As far as we can determine it is notice only that someone fell on the stairs eight months earlier. This does not establish, nor warrant a conclusion, that the steps were defective on either occasion. Notice would only become relevant after a defective condition was shown so that notice of the defective condition would be probative of negligence.

■■ Without more, there is no logical way that one can determine from the evidence in this case the proximate cause of the accident. The lack of evidence as to negligence and proximate cause leaves one to speculate as to what happened; this, the trier of fact is not permitted to do. Rule v. Bennett, D.C.App., 219 A.2d 491 (1966). In order to maintain a successful action in tort there must be proof of something more than the mere happening of an accident causing injury. Yet that is all that was before the jury here.

In cases similar to this one we have required more of a plaintiff than a mere description of the surface on which the fall took place. Taylor v. D. C. Transit System, Inc., D.C.App., 258 A.2d 455 (1969); Ruffin v. Trans-Lux Theatre, D.C.Mun. App., 156 A.2d 678 (1959). In *Ruffin* the plaintiff had fallen in the theatre lobby as she stepped from a carpeted area onto a terrazzo floor that appeared to have been waxed. In describing the floor she said, "It was slick . . ."; "it was either icy or glassy"; "it looked like glass and was very shiny and slick." The court held that viewing the plaintiff's evidence in its most favorable light it was insufficient to make ·a prima facie case. While the *Ruffin* and *Taylor* cases involved foreign substances on floors and steps we see no reason not to apply a similar rule to descriptions of surface wear. With appropriate modification what we said in *Ruffin, supra* at 680, applies as strongly to this case: "Here there was simply no proof that plaintiff's fall was in any way connected with [the shininess of the step]. On so bare a showing a plaintiff cannot be permitted to get to the jury."

■ There was no testimony that the stairs were slippery or that they had a foreign substance on them. Neither was there testimony that the shininess, testified to by appellee, was the proximate cause of her fall. For ought that appears the fall could have been caused by the heel coming off of appellee's shoe. We hold that appellee's evidence did not establish a prima facie case of liability and that appellant's motion for a directed verdict should, therefore, have been granted.

Cases are not to ᴜe submitted to the trier of fact when there is no evidentiary foundation on which to predicate intelligent deliberation and reach a reliable decision. . . . [Liberty Mutual Insurance Co. v. Staten, D.C.App., 201 A.2d 528, 530 (1964).]

Following the verdict, appellee moved to have sanctions imposed on appellant for its failure to completely and accurately answer pretrial interrogatories as to any photographs that may have been taken and reports of previous accidents on the stairs. Appellee claimed that the incomplete answers caused the trial to be delayed, resulting in lost time from work for her and the expenditure of additional time and effort by her counsel. She sought compensation for herself and her lawyer.

The court found that the shortcomings were due to negligence rather than willfulness and assessed a sanction of $100 for appellee's attorney based on a showing, by "clear and convincing evidence", that there had been a loss of two hours directly attributable to appellant's negligence in answering interrogatories and that there was no opportunity for mitigation of damages.

■ The trial court's findings are supported by the record. If we are to continue our support of the trial court in its efforts to achieve the effective and speedy administration of justice we will not, without good cause shown, deny it our support in circumstances such as these. It has a wide discretion in such matters under the inherent power of the court to protect the integrity of its processes. Hollins v. Sneed, D.C.App., 300 A.2d 447, 449, n. 4 (1973); 8 Wright & Miller, Federal Practice & Procedure § 2050 at 325–26 (1970). We cannot say that it acted without reason or that it abused its discretion.

■ The award of sanctions is affirmed. Although the money judgment in favor of appellee must be reversed, we cannot enter a judgment for appellant since it did not move for judgment notwithstanding the verdict.[2] Consequently the case is remanded to the trial court to determine whether a new trial should be ordered or judgment entered for appellant.

So ordered.

2. Super.Ct.Civ.R. 50(b); Cone v. West Va. Pulp & Paper Co., 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849 (1947). See Neely v. Eby Construction Co., 386 U.S. 317, 325, 87 S.Ct. 1072, 18 L.Ed.2d 75 (1967).