**Joseph and Mary EDISON, Appellants,**

v.

**Michael and Joyce SCOTT, Appellees.**

**No. 12021.**

District of Columbia Court of Appeals.

Submitted Jan. 10, 1978.

Decided July 14, 1978.

Robinwyn D. Lewis and Robert Kimball, Washington, D. C., LS 1267, were on brief, for appellants.

Michael Scott and Joyce Scott, pro se.

Before GALLAGHER and YEAGLEY, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

Plaintiff (appellee) brought this action to recover property damages arising out of an automobile accident. After a nonjury trial, judgment was entered for appellee in the amount of $992.79. Appellant here challenges the verdict on the grounds that the trial court erred (1) in finding appellant negligent for allowing a third party access to his automobile keys, and (2) in permitting appellee to present his case in an improper manner.

At trial appellee stated that on June 28, 1975, at approximately 11 p. m., he had just entered his automobile when another vehicle, traveling at the rate of 35–40 miles per hour, "sideswiped" his car, bounced off, and sped away. Appellee testified that he saw only the back of the driver's head and that the driver appeared to be a black male about 20 years of age. He was able to observe the model and color of the striking car, but could not see the license number. An eyewitness followed the car and obtained a license number which he believed to be either 223153 or 223135. A subsequent investigation disclosed that one of the license numbers had been issued to appellant who owned a car similar in appearance to the striking vehicle.

Appellant, who is 52 years old, testified that on June 28, 1975, he was at home, asleep, with his wife. It was appellant's assertion that if his car had been involved in an accident, that accident had to have occurred on June 27, for that was the evening his car was stolen. As a result of the theft, appellant testified, his car was damaged and could not be driven on June 28. Appellant testified that he went to the

home of a friend, Mrs. Rawls, at approximately 9:30 p. m. on June 27 and after consuming a few drinks, fell asleep on her couch. When he awoke, he was unable to find either his keys or his car in the place where it had been parked. He searched for his car for an hour and when he could not locate it, he called the police. When he returned to Mrs. Rawls' house, he discovered that she had found his keys. He began searching for his car again and found it in a nearby alley. The car was damaged, so appellant walked home, arriving there around 6 a. m. on June 28. Appellant testified that he did not give anyone permission to use his car and that he suspected one of Mrs. Rawls' sons had stolen his car.

Mrs. Rawls gave a somewhat different version of the events of June 27. She testified that she and appellant together searched for the missing car. When they could not locate it, they returned to Mrs. Rawls' house where they found the keys under the pillow of the couch where appellant had been sleeping. She testified appellant left her home around 2 a. m. Appellant's wife also testified. She stated that appellant returned home around 6 o'clock the morning of June 28 and notified her that his car had been stolen.

The court announced to the parties before making its findings that this case "involves a few hundred dollars more than the small claims limit, but the small claims way of trying the case had been applied here in the sense that we haven't the highest level of proof for some of these matters." The court then found that

> Mr. Scott would not have been the recipient of a damaged car if somebody had kept better track of those keys. Now the fact that Mr. Edison says he was asleep may very well be true. On the other hand, *if there is negligence in this situation*, it has to be for the manner in which he allowed his car, if not be unattended, at least have the keys within access of somebody else.
>
> \* \* \* \* \* \*
>
> I tried to determine whether or not the ignition had been punched but . . .

no one else could testify in this regard, *so we have to assume if the car was used, keys were used to move it.* So using a sense of rough justice here, and trying to determine whose fault is primarily involved, I'm going to find that the actions of Mr. Edison led to Mr. Scott's damage claim. [Emphasis added.]

■ Negligence is a matter of proof to be established by competent evidence. It should not be "assumed." In any event, the court did not find negligence but simply stated "if there is negligence," it must have been because of the way the defendant handled the car keys. Beyond this, the court "assumed" the keys were used to drive the car but there was no testimony from either side in this regard.

■ Although generally we are hesitant to overturn the factual findings of the trial court, it is our duty to do so when the testimony adduced at trial does not provide substantial evidence to support the findings. D.C.Code 1973, § 17–305. "[T]here must be proof of something more than the mere happening of an accident . . .." *S. Kann's Sons Corp. v. Hayes*, D.C.App., 320 A.2d 593, 595 (1974). Findings by the trier of fact on vital points in a case cannot be left to mere conjecture or speculation. *Rule v. Bennett*, D.C.App., 219 A.2d 491 (1966).

■ Since the court's findings are not sufficiently clear for us to decide this case, we remand for further findings of fact and conclusions of law. If upon remand it should appear to the trial judge in this nonjury case that the plaintiffs have not carried their burden of proof, judgment should be entered for the defendants.

*Remanded for further proceedings consistent with this opinion.*