Margot E. ANDERSON, Appellant,

v.

WOODWARD & LOTHROP, a corporation,
Appellee.

No. 4195.

District of Columbia Court of Appeals.

Argued July 1, 1968.

Decided Aug. 8, 1968.

Joel D. Sacks, Washington, D. C., for appellant. Fred C. Sacks, Washington, D. C., also entered an appearance for appellant.

Austin F. Canfield, Jr., Washington, D. C., for appellee.

Before MYERS, KELLY and FICK-LING, Associate Judges.

PER CURIAM.

When appellant discovered a watery substance on the floor of a stall which she had entered in a ladies' room in appellee's department store, she turned to leave, slipped and fell. She appeals from a directed verdict at the close of her case.

Appellant could not say how long the liquid had been on the floor or how it got there. A witness testified that she had been in the ladies' room for about fifteen or twenty minutes preceding appellant's fall and that no employee of the store had come in during that time, although at least one other customer had come in and was there when appellant fell. The witness noticed no water or other liquid substance on the floor when she entered. It was only after the accident that the witness saw what she thought was water on the floor.

To make out a prima facie case of liability predicated upon the existence of a dangerous condition it is necessary to show that the party against whom negligence is claimed had actual notice of the dangerous condition or that the condition had existed for such length of time that, in the exercise of reasonable care, its existence should have become known and corrected. Paylor v. Safeway Stores, Inc.,

D.C.App., 225 A.2d 312 (1967); Napier v. Safeway Stores, Inc., D.C.App., 215 A.2d 479 (1965). The question of notice, actual or constructive, is ordinarily one for the jury, but there being no testimony in this case of how the liquid substance came to be on the floor or how long it had been there, or that any employee of appellee knew of its existence, the trial court properly took the case from the jury and directed a verdict for appellee as a matter of law because of appellant's failure to present prima facie proof of liability.[1]

Affirmed.

---

1. Appellant raises the issue of failure to inspect the premises, but there was no evidence that an inspection, if made, would have shown the condition to exist.