**Frances N. HARRIS, Appellant,**

v.

**SAFEWAY STORES, INC., Appellee.**

**No. 7977.**

District of Columbia Court of Appeals.

Argued Sept. 20, 1974.

Decided Dec. 16, 1974.

Robert B. Kolodney, Jr., Washington, D. C., argued the cause for appellant; Ben Paul Noble and Thomas O. Mann, Washington, D. C., were on the brief for appellant.

William D. Appler, Washington, D. C., with whom Lawrence E. Carr, Jr., Washington, D. C., was on the brief, for appellee. Richard W. Boone, Washington, D. C., also entered an appearance for appellee.

Before REILLY, Chief Judge, and NEBEKER and HARRIS, Associate Judges.

HARRIS, Associate Judge:

This is an appeal from an order granting appellee Safeway Stores' motion for a judgment notwithstanding the verdict after a jury awarded $15,000 in damages to appellant for injuries she allegedly sustained while a customer in one of appellee's stores. While we are obliged to view the evidence in the light most favorable to appellant, we find that the entry of a judgment notwithstanding the verdict was proper and affirm.

Mrs. Harris and her daughter Marilyn were shopping in a Safeway store in Prince George's County, Maryland, one evening when the incident occurred. According to their testimony, Mrs. Harris reached up for a bag of sugar, turned, and fell on her stomach. Both women said that thereafter they noticed what they believed to be wax on the floor where Mrs. Harris fell.[1] Another daughter, Julie, testified that she noticed a substance that looked like wax on the sole of one of her mother's shoes later that evening.[2] The manager testified that the store had an asbestos tile floor, which was mopped and swept daily and waxed periodically as needed. He also testified that the store used liquid wax and stripped off the old wax before applying a new coat.

The trial judge "had serious concern that there was insufficient evidence to permit the case to go to the jury." However,

---

1. Mrs. Harris described it as follows: "It looked like a fine powder or something like that." Marilyn stated: "It looked like hard wax, kind of flaky."

2. Julie testified: "It was greasy like with a little wax or something."

he declined to direct a verdict at the close of all the evidence, and allowed the case to go to the jury so that a reversal on appeal would not necessitate a new trial. *See* Rawlings v. Robbins, D.C.App., 257 A.2d 486, 488 (1969); Seganish v. District of Columbia Safeway Stores, Inc., 132 U.S. App.D.C. 117, 122, 406 F.2d 653, 658 (1968). After the jury returned a verdict in favor of Mrs. Harris, the trial court granted Safeway's motion for judgment notwithstanding the verdict, stating that there was "insufficient evidence to support the jury verdict."

 We agree that the evidence was insufficient. To maintain a successful action in tort, there must be proof of more than the mere happening of a fall causing injury and a description of the surface on which the accident took place. S. Kann's Sons Corp. v. Hayes, D.C.App., 320 A.2d 593, 595 (1974); *see* Ruffin v. Trans-Lux Theatre, D.C.Mun.App., 156 A.2d 678, 680 (1959).

There was no evidence that Mrs. Harris' fall was caused by any substance on the floor surface, or by a dangerous condition of which the store management had actual or imputed knowledge. *See* Kincheloe v. Safeway Stores, Inc., D.C.App., 285 A.2d 699, 700–701 (1972). According to her own testimony, Mrs. Harris was not walking when the accident occurred; she reached for a bag of sugar, turned, and fell before taking any steps. There was not even any testimony that she slipped; all she stated was that she fell.[3]

On this record, there is no evidence on the basis of which the jury could have found negligence without speculating. *See* Kincheloe v. Safeway Stores, Inc., *supra* at

3. A portion of her direct testimony was as follows:
Q. Then what did you do from the time you got the bag of sugar?
A. I fell on the floor.
Q. You fell on the floor when?
A. I got the sugar and made a turn, and the next thing I know I am laying on the floor.

701. "Speculation is not the province of a jury." *Ibid; see* Seganish v. District of Columbia Safeway Stores, Inc., *supra* 132 U.S.App.D.C. at 120–121, 406 F.2d at 656–657. The entry of a judgment notwithstanding the verdict was proper. *See* Paylor v. Safeway Stores, Inc., D.C.App., 225 A.2d 312, 314 (1967).

Affirmed.

Q. How many steps did you take from the time that you turned around until the time that you fell?
A. * * * I don't think I took any. I fell right away. I got the sugar and made a turn, and that is where I fell.