**Sandra M. NATHAN, Plaintiff,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant.**

**Civ. A. No. 85–0214.**

United States District Court, District of Columbia.

Sept. 19, 1986.

**248**

Max Goldberg, Chevy Chase, Md., for plaintiff.

Janet B. Rubin, Office of General Counsel, Washington Metropolitan Area Transit Authority, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

REVERCOMB, District Judge.

This matter is before the Court on defendant's Motion for Partial Summary Judgment, for portions of plaintiff's com-

plaint dealing with the design and construction of the stairs at the Gallery Place Metro Station. Plaintiff was injured when she slipped and fell on those stairs, and contends WMATA is negligent, *inter alia* for having an uncovered stairwell at Gallery Place when most other stations have escalators.

Pursuant to an interstate compact between Maryland, Virginia and the District of Columbia, WMATA was created as an agency and instrumentality of all three jurisdictions.[1] As such an agency, WMATA is immune from tort liability unless its sovereign immunity has been waived by the WMATA Compact or a subsequent amendment. *Katz v. Washington Suburban Sanitary Comm'n,* 284 Md. 503, 397 A.2d 1027, 1030–33 (1979). WMATA is liable under its limited waiver of immunity "for its torts ... committed in the conduct of any proprietary function, ... but shall not be liable for any tort occurring in the performance of a governmental function". Section 80 of the WMATA Compact, D.C. Code Section 1–2431 (1981).

Governmental functions are those functions which are for the benefit of the general public. *See* 18 E. McQuillan, *The Law of Municipal Corporations,* Section 53–29 (3d ed. 1977). Such functions include planning decisions or decisions involving governmental discretion. *Urow v. District of Columbia,* 316 F.2d 351 (D.C.Cir.1963); *Whitaker v. WMATA,* No. 82–2771, mem.op. (D.D.C. May 14, 1984).

Decisions regarding the type of security gate or surveillance system to install in the Metro system has been held to be a governmental function and thus subject to immunity under the WMATA Compact. *Id.* Sovereign immunity also applies to the planning decisions involved in determining the locations of traffic controls. *Urow,* 316 F.2d at 351. The maintenance of such a device, however, would be a proprietary function and not subject to sovereign immunity. *Wagshal v. District of Columbia,* 216 A.2d 172 (D.C.App.1966).

1. *See* Section 4 of the WMATA Compact, codi-     fied at D.C. Code Section 1–2431 (1981).

■ The Court concludes the planning decisions regarding the design, location and construction of the stairwell involved WMATA's governmental function. Those decisions are therefore precluded from liability by Section 80 of the WMATA Compact.

Accordingly, it is, by the Court, this 19 day of September 1986,

ORDERED that defendant's Motion for Summary Judgment is GRANTED as to those portions of the plaintiff's complaint relating to the design and construction of the stairs at Gallery Place Metro Station, and it is further

ORDERED that all parties are to appear before the Court for a status hearing and settlement conference on October 30, 1986, at 9:45 a.m.