Cheryl SIMPSON, Plaintiff,

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,**
Defendant.

Civ. A. No. 87–460.

United States District Court,
District Columbia.

June 28, 1988.

Ronald Gilchrist, Washington, D.C., for plaintiff.

Fredric H. Schuster, Washington Metro. Area Transit Authority, Washington, D.C., for defendant.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

Presently before the Court is defendant's motion for summary judgment. In consideration of defendant's motion, the opposition thereto, the entire record of this case, and for the following reasons, the Court shall grant defendant's motion.

## DISCUSSION

On February 24, 1984, plaintiff stepped off a subway train operated by defendant, the Washington Metropolitan Area Transit Authority ("WMATA"), and fell through the gap between the subway car and the platform of the Judiciary Square Station. Plaintiff alleges that defendant was negligent in "permitting [the gap] to remain for a long time." Complaint ¶ 5. Furthermore, plaintiff alleges that defendant failed to properly inspect and maintain the train alignment and platform position in a safe condition. Plaintiff demands $1 million in damages for injuries including "acute lubosacral [sic] strain, contusion, hematoma, left knee, thigh and leg and other physical injuries." Complaint ¶ 11.

Given the sparseness of the allegations in the complaint, at the hearing considering

the summary judgment motion, the Court specifically questioned plaintiff's counsel concerning the theories under which plaintiff was pursuing her case. Counsel indicated that plaintiff alleged negligent design, failure on the part of defendant to adequately control the crowds, and the driver inattention to plaintiff's plight. The Court will address plaintiff's allegations of negligent design. In her complaint, plaintiff alleges that defendant failed to maintain the platform and train's alignment. Complaint ¶¶ 7, 8. The Court specifically questioned plaintiff's counsel regarding exactly in what manner plaintiff alleges that WMATA failed in operating and maintaining the subway system allegedly causing plaintiff's injuries. Counsel replied that WMATA failed to maintain and operate the system by permitting the subway car to become overcrowded. As such, the Court will liberally construe paragraphs 7 and 8 of the complaint as alleging failure on the part of defendant to control the crowd which allegedly resulted in plaintiff's inability to discern the gap. Finally, plaintiff never properly pled the allegation of driver inattention to her plight. As such, the allegation is not truly before the Court. However, in fairness to plaintiff, the Court will address the issue.

## A. Standards for Summary Judgment.

Under Federal Rule of Civil Procedure 56(c) a court shall render summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." The United States Supreme Court recently provided significant guidance as to those circumstances in which summary judgment is appropriate. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court stated that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issues of *material*

fact." *Anderson*, 106 S.Ct. at 2510 (emphasis in the original). The party moving for summary judgment has the burden of demonstrating that there is no genuine issue of fact. *Id.* at 2514. The party opposing the summary judgment motion, however, must present "affirmative evidence" in order to defeat a properly supported summary judgment motion. *Id.* The Court shall grant a properly supported summary judgment motion if the moving party demonstrates a lack of genuine triable issues of material fact. *Celotex*, 106 S.Ct. at 2555.

## B. Scope of WMATA's immunity.

WMATA claims immunity from certain allegations in this suit pursuant to section 80 of the WMATA Compact (the "Compact") which sets forth the circumstances under which an individual can maintain a suit in tort and provides in pertinent part that WMATA

shall be liable for its contracts and for its torts and those of its Directors, officers, employees and agents committed in the conduct of any proprietary function, in accordance with the law of the applicable signatory (including rules on conflicts of laws), but shall not be liable for any torts occurring in the performance of a governmental function.

In this jurisdiction, courts have interpreted this section to mean that the signatories to the Compact—Maryland, Virginia, and the District of Columbia—have "conferred their respective sovereign immunities ... on WMATA, and those entities had then partially waived those immunities in Section 80 of the Compact ... [and] the question whether the function in question is 'governmental' or 'proprietary' under Section 80 is one of federal law." *Sanders v. WMATA*, 819 F.2d 1151, 1154 (D.C.Cir. 1987) (WMATA immune from suit when performing the "government function" of adopting a general policy of testing for drugs or alcohol immediately after an on-the-job accident); *see Dant v. District of Columbia*, 829 F.2d 69, 73–74 (D.C.Cir. 1987) (holding that WMATA is immune from suit regarding its police functions and

design of metrorail's fare collection system); *Morris v. WMATA*, 781 F.2d 218, 220 (D.C.Cir.1986) (WMATA's police activities are an exercise of governmental function and are immune from suit; issue of WMATA's immunity is question of federal law). Discretionary decisions or planning decisions constitute governmental functions for which WMATA is immune from suit. *See Nathan v. WMATA*, 653 F.Supp. 247, 248 (D.D.C.1986) (planning decisions regarding the design, location and construction of the stairwell constitute performance of governmental functions and are immune from suit).

C. WMATA is immune from allegations of negligently designing the distance between the subway car and the platform.

█ It is clear that WMATA's design decision concerning the distance of the gap between the platform and the subway train constitutes a discretionary decision and falls squarely within the parameters of WMATA's governmental functions. *See Dant*, 829 F.2d at 74–75 (WMATA immune from suit concerning design of farecard system); *Nathan*, 653 F.Supp. at 248 (WMATA immune from claims concerning stairwell design). As such, the Court shall grant defendant's motion for summary judgment on plaintiff's claim of negligent design.

D. WMATA is immune from suit concerning allegations of failure to control crowds.

█ Section 76 of the Compact enables and authorizes WMATA to maintain a police force with significant police power to protect passengers and property. Furthermore, the Compact grants WMATA the power to promulgate rules and regulations to assure the safety and protection of the riding public which are enforceable by the WMATA police force. WMATA's operation of its police force and those police activities are governmental functions and, as such, are immune from suit. *Dant*, 829 F.2d at 74–75; *Morris*, 781 F.2d at 220; *Heffez v. WMATA*, 569 F.Supp. 1551, 1553 (D.D.C.1983), *aff'd*, 786 F.2d 431 (D.C.Cir.

1986); *Gillot v. WMATA*, 507 F.Supp. 454, 456–57 (D.D.C.1981) (WMATA is immune from plaintiff's allegations that WMATA inadequately monitored parking lots). Crowd control certainly falls squarely within the functions of the WMATA police force. Plaintiff alleges that WMATA failed to adequately control the crowds on the evening in question. Affirmative actions as well as omissions by the WMATA police are generally immune from suit. *See Martin v. WMATA*, 667 F.2d 435, 436 (4th Cir.1981). As such, the alleged failure to adequately control crowds is immune from suit.

Finally, the Court notes that the present allegation is analogous to the *Gillot* case. 507 F.Supp. 454 (D.D.C.1981). In *Gillot*, one of plaintiff's allegations was that WMATA failed to monitor the WMATA parking lot in which an assailant abducted and raped her. The Court found that plaintiff's allegation of inadequate monitoring of the parking lot amounted to a claim of inadequate police protection. The *Gillot* court found that because this claim attacked police protection, which is a governmental function, WMATA was immune from suit. In the present case, similar reasoning is applicable. Plaintiff alleges that WMATA failed to protect plaintiff by inadequately monitoring the crowds in the station. WMATA is immune from suit on such an allegation since monitoring crowds for the protection of the riding public is a governmental function.

The Court notes, however, that even if it were to address the substantive issue of crowd control, summary judgment for defendant still is appropriate because plaintiff has failed to come forward with any evidence to rebut defendant's evidence that the crowds were within the safe limits. *See Anderson v. Liberty Lobby*, 106 S.Ct. at 2514 (the party opposing the summary judgment motion must present "affirmative evidence" in order to defeat a properly supported summary judgment motion). Defendant included with its motion for summary judgment a complete Statement of Material Facts as to Which There Is No Genuine Dispute ("Defendant's State-

ment"). Each paragraph included references to parts of the record to support each statement as required by Local Rule 108(h). Plaintiff filed an untimely Statement of Facts in Genuine Dispute ("Plaintiff's Statement"). Plaintiff's Statement fails to comply with Rule 108(h) in that it does not include references to the parts of the record relied on to support the statements. As such, under the Local Rules, the Court may assume that the facts are admitted. Local Rule 108(h).

Defendant's Statement indicates that as part of its daily business records, WMATA maintains a "Daily Summary of Train Operations" which reflects any personal injury, unusual condition, incidents, or occurrence. Defendant's Statement, ¶¶ 38–39; Affidavit of Walter G. Braswell ¶ 4. On the day of the accident, the Daily Summary does not reveal any delay, unusual event or occurrence, or unusual crowded conditions during the rush hour on February 24, 1988. Defendant's Statement, ¶ 39; Affidavit of Walter G. Braswell ¶ 5. Plaintiff presents nothing to rebut this affidavit. Furthermore, WMATA reported that the maximum capacity per subway car for the type of car on which plaintiff was a passenger is 225. Defendant's Statement ¶ 40; Affidavit of Harold W. Barley ¶ 3; Defendant's Response to Interrogatory Question No. 4. Additionally, on February 21st and 22nd at approximately the same time of the accident on February 24th, WMATA Traffic Checkers on the Judiciary Square platform reported an average of 107 passengers per car on February 21st and an average of 133 passengers per car on February 22nd. Defendant's Statement ¶ 41; Affidavit of Harold W. Barley ¶ 2; Defendant's Response to Interrogatory Question No. 4. Finally, WMATA reported that WMATA maintains kiosk attendants at each of its stations who are authorized to close the station in the event of an unusual occurrence or overcrowding. On the night in question, there was no overcrowding or unusual occurrence which would have necessitated the closing of the Judiciary Square Station. Defendant's Response to Interrogatory Question No. 5. Given plaintiff's failure to adequately rebut Defendant's Statement,

the Court can treat the statements as conceded. As such, even if WMATA did not lack immunity from plaintiff's claim of inadequately monitoring the crowds which is the holding of this Court, the Court could find that, on the substantive issue, no material issues of fact are in dispute and enter summary judgment for defendant.

E. Defendant is entitled to summary judgment on the issue of driver inattention to plaintiff's plight.

■ Because plaintiff in her complaint never alleged driver inattention to her plight, technically this cause of action is not properly before the Court. However, counsel indicated at the time of the hearing that this was an allegation. As such, and in all fairness to plaintiff, the Court will address the allegation. The Court will consider the allegation as framed by plaintiff in Plaintiff's Statement.

> That the train operater [sic] did not maintain a proper lookout to determine if a passenger had been trapped in the gap between the platform and the train before taking off.

Plaintiff's Statement ¶ 1. The Court finds that by plaintiff's own deposition testimony under oath there is not a question of fact as to which reasonable minds could differ concerning whether the driver pulled out of the station prior to plaintiff's being freed. Specifically, in responding to questions concerning plaintiff's allegations of negligence, plaintiff stated that she was pulled up *before* the train pulled out of the station. Deposition of Cheryl Simpson at p. 37, 64, 67. Plaintiff has not come forward with any evidence to indicate that her statement at her deposition is untrue. *See Anderson v. Liberty Lobby*, 106 S.Ct. at 2514. As such, the Court finds that summary judgment is appropriate on plaintiff's claim that the driver was inattentive to her plight in pulling out of the station prior to her being freed.

## CONCLUSION

For the foregoing reason, the Court concludes that WMATA has immunity from suit on claims of negligently designing the

distance between a subway car and a platform. This immunity extends to claims alleging that WMATA failed to control crowds in their stations. Finally, the Court finds that summary judgment is appropriate on the issue of driver inattention. As such, the order in accordance with the Court's opinion accompanies this memorandum opinion.

## ORDER

In consideration of defendant's motion for summary judgment, the opposition thereto, the entire record of this case, and in accordance with the memorandum opinion accompanying this order, it is this 28th day of June, 1988,

ORDERED that defendant's motion for summary judgment is granted and this case is dismissed.