Marva THOMAS, Plaintiff,

v.

GRAND HYATT HOTEL, Defendant.

Civ. No. 89–2636 SSH.

United States District Court,
District of Columbia.

Nov. 2, 1990.

John Perazich, Washington, D.C., for plaintiff.

Lee T. Ellis, Ralph G. Blasey, III, Washington, D.C., for defendant.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendant's motion for summary judgment. Plaintiff brings this action alleging negligence on the part of the defendant in connection with a slip-and-fall incident on September 26, 1987, at the Grand Hyatt Hotel. On that date, plaintiff was modeling clothes for Woodward & Lothrop, which had leased space from the defendant for a fashion show. While plaintiff was exiting the stage, she slipped and fell, injuring her left foot and ankle.

Under Federal Rule of Civil Procedure 56(e),

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as oth-

erwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

In support of her opposition, plaintiff offers one affidavit and several references to deposition excerpts.[1] However, the deposition transcripts to which plaintiff refers have never been filed and thus are not a part of the record in this case. Moreover, plaintiff does not provide the Court with copies of the relevant deposition passages upon which she relies, leaving the Court unable to rely on these passages in ruling on defendant's motion.

In addition, Rule 108(h) of the Local Rules of this court states that plaintiff's Statement of Material Facts in Dispute "shall include references to the parts of the record relied on to support the statement." Plaintiff does not provide such references, and, to the extent that the Court could infer the references from plaintiff's Memorandum of Points and Authorities, they fail from the same defect described above.

■ The Court concludes that plaintiff's procedural deficiencies in and of themselves would warrant granting defendant's motion for summary judgment. However, because the Court also finds that plaintiff's claim fails on the merits, the Court addresses the merits of defendant's motion. In this case, the burden is on the plaintiff to prove that the defendant was negligent "either in creating a dangerous condition or in allowing one to continue without correction and that this negligence was the proximate cause of the injuries." *Paylor v. Safeway Stores, Inc.*, 225 A.2d 312, 314 (D.C.1967). Moreover,

> To make out a prima facie case of liability predicated upon the existence of a dangerous condition it is necessary to show that the party against whom negligence is claimed had actual notice of the dangerous condition or that the condition had existed for such length of time that, in the exercise of reasonable care, its

existence should have become known and corrected.

*Anderson v. Woodward & Lothrop*, 244 A.2d 918 (D.C.1968). In fact, plaintiff concedes that she "must show there was a substance ... on the floor, how it came to be on [the] floor, and that defendant was aware of the substance."

■ In this case, however, plaintiff does not know what caused her to slip, let alone whether defendant was aware of a dangerous condition that caused her to slip. She can only say that it was something "liquidy." She then offers deposition testimony that there was a dishwasher room which opened into the hallway used by the models, and that employees of the defendant washed dishes during the fashion show, using the hallway itself when putting the dishes to be washed on carts. Also, in his affidavit, Stephenson claims that there was water in the hallway from melted ice.

Although plaintiff believes that something on her shoe caused her fall, she does not know if she stepped in water or any other substance in the hallway. Nor did anyone else see her do so. Moreover, she did not pay attention to whether there was any water or other substance on the stage or on the stairs and did not show anyone a substance on her shoe. She is simply assuming that the cause of her fall was a substance picked up in the hallway leading from the dressing room to the stage. However, plaintiff did not slip in the hallway; in fact, she did not slip until after she had gone up the stairs leading to the stage, walked down the runway and back, and was approaching the stairs to exit. Thus, it is hard to believe that she would have slipped on a substance from the hallway only after making a full trip down the runway and back. Based on these facts, the jury could only find negligence through speculation, and "[s]peculation is not the

---

1. Defendant questions the propriety of plaintiff's reliance on the affidavit of R. Dale Stephenson, also a model at the September 26, 1987, fashion show. Plaintiff apparently did not identify the witness in response to defendant's interrogatory 18, which asked for the names of any persons known to the plaintiff who had any facts pertaining to the circumstances of the plaintiff's incident. The Court agrees with the defendant that it is improper to rely on the affidavit of a fact witness who is not identified until after the close of discovery.

province of the jury." *Harris v. Safeway Stores, Inc.,* 329 A.2d 436, 437 (D.C.1974).[2]

Thus, the Court concludes that defendant is entitled to summary judgment in its favor. Accordingly, it hereby is

ORDERED, that defendant's motion for summary judgment is granted.

SO ORDERED.

2. Even if the defendant was negligent in allowing water or some other substance to accumulate in the hallway, thus creating a dangerous condition, the jury could only speculate as to whether any such accumulation was the proximate cause of plaintiff's fall. *See Harris,* 329 A.2d at 437 ("To maintain a successful action in tort, there must be proof of more than the mere happening of a fall causing injury and a description of the surface on which the accident took place.") Also, the jury could only speculate further as to whether defendant had notice of a dangerous condition that caused plaintiff to slip, if they are already speculating as to whether the condition even caused her to slip.