Milton DICKENS, Plaintiff,

v.

CLYDE McHENRY, INC. and Jon D. Dopudja, Defendants/Third–Party Plaintiffs,

v.

DISTRICT OF COLUMBIA, Potomac Electric Power Company, and David Anderson, Third–Party Defendants.

No. Civ. A. 88–558 SSH.

United States District Court, District of Columbia.

May 8, 1991.

Robert Edward Miller, Washington, D.C., for plaintiff.

Mary Therese Porter, Mahoney, Hogan, Heffler & Herald, Washington, D.C., for McHenry and Dopudja.

Gregory Keith Wells, Farrington, Smallwood & Wells, Landover, Md., for Anderson.

Robin C. Alexander–Smith, Katten, Muchin, Zavis & Dombroff, Washington, D.C., for District of Columbia.

H. Edward Holtz, Ronald C. Jessamy, Washington, D.C., for Potomac Elec. Power Co.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on third-party defendants' motions for summary judgment on the complaint, third-party complaint, and cross-claims. For the reasons set forth below, third-party defendant David Anderson's motion for summary judgment is denied, and third-party defendant Potomac Electric Power Company's (PEPCO's) motion for summary judgment is granted. In addition, plaintiff's complaint against the District of Columbia is dismissed for lack of subject matter jurisdiction, but the District of Columbia's motion for summary judgment as to the third-party complaint is denied.

Plaintiff Milton Dickens initiated this action alleging negligence against defendants Jon Dopudja and Clyde McHenry, Inc., and seeking damages for alleged injuries resulting from an automobile accident. Defendants then filed third-party complaints against David Anderson, PEPCO, and the District of Columbia. Plaintiff later filed complaints against all three third-party de-

fendants. It is uncontested that defendant Jon Dopudja and third-party defendant David Anderson collided at the intersection of Franklin Street and Fourth Street, N.E., Washington, D.C., at approximately 11:10 a.m., on March 10, 1987.[1] The collision propelled Dopudja into the plaintiff, causing the alleged injuries. At the time of the accident, the traffic light at the intersection was malfunctioning.[2] In addition, plaintiff Dickens and defendants Dopudja and Clyde McHenry, Inc., assert that the failure of the light to operate properly caused another accident to occur at 9:25 a.m. that same day.

Summary judgment is only appropriate when there is "no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). "The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are any genuine issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). All reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 255, 106 S.Ct. at 2513. However, Rule 56(e) places the burden on the non-moving party, in response to the motion for summary judgment, to demonstrate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

■ The Court will first address third-party defendant David Anderson's motion for summary judgment. Anderson contends that there is no genuine dispute and that none of the parties places any blame upon him. Anderson Motion for Summary Judgment, Points and Authorities, at 2. However, plaintiff and third-party plaintiffs, while primarily placing the blame on the malfunctioning traffic signal, strongly contest this assertion. There is a genuine dispute as to whether Anderson was travelling at an excessive rate of speed. *See* Deposition of Jon Dopudja, at 14. In addition, Anderson claims that defendant Dopudja struck his car before hitting plaintiff, while Dopudja asserts that Anderson hit him and drove him into plaintiff. As these facts are material to the resolution of this case, summary judgment is inappropriate, and Anderson's motion therefore is denied.

Turning to PEPCO's motion for summary judgment, the claims asserted against it rest on both tort and contract principles. PEPCO attempts to dismiss liability on the contract theory by arguing that public utilities can only be liable to the party with whom they have entered into the contract, citing *Travelers Ins. Co. v. SCM Corp.*, 600 F.Supp. 493 (D.D.C.1984), as controlling. However, in *Long v. District of Columbia*, a case very similiar to this one, the United States Court of Appeals for the District of Columbia Circuit held that because PEPCO had entered into a contract within its field of expertise, it acquired a duty to perform its contractual obligations with reasonable care, and could therefore be held liable to foreseeable plaintiffs. 820 F.2d 409, 418 (D.C.Cir.1987).

■ Because it is uncontested that a defective condition existed at the time of the accident, the sole remaining issue raised by PEPCO is one of notice.[3] In order to make out a prima facie case of liability based on the existence of a dangerous condition, the plaintiff has the burden of showing that the party against whom negligence is alleged had notice of that condition. *Paylor v. Safeway Stores, Inc.*, 225 A.2d 312 (D.C. 1967). This notice may be actual or con-

---

1. The Court is assuming, based upon documentary evidence, that the accident occurred on March 10, 1987. Plaintiff's complaint and subsequent motions assert the accident occurred on February 10, 1987.

2. Third-party defendants PEPCO and the District of Columbia bear responsibility, though not necessarily jointly, for the maintenance and repair of traffic lights.

3. The issue raised in motions as to whether PEPCO was responsible for repair of the traffic light at the time of the accident is irrelevant for the purposes of settling this dispute. Even assuming arguendo that PEPCO did have the responsibility, the lack of notice would preclude liability.

structive. The plaintiff and defendants in this case allege that PEPCO had or should have had notice based upon an accident which occurred at the same intersection at 9:25 a.m. that day.

■ The parties have submitted no evidence to this Court which indicates PEPCO had any actual notice of the dangerous condition before the accident in question.[4] Because there is no evidence that PEPCO had actual notice of the prior accident that occurred at 9:25 a.m., any judgment on the part of a jury on this issue would be mere speculation, and "[s]peculation is not the province of the jury." *Harris v. Safeway Stores, Inc.*, 329 A.2d 436, 437 (D.C.1974).

PEPCO also did not have constructive notice in this instance. It is questionable as to whether PEPCO ever could have constructive notice, because the policies delineated within the contract state that "notification shall be considered received when the outage is reported to the designated number." PEPCO Motion for Summary Judgment, Exhibit A, Section 7.1.1. However, assuming that constructive notice is possible, the time elapsed between 9:25 a.m. and 11:10 a.m. is not enough to serve as notice, especially when considering that the contract allows for a four-hour response time even after notification is given. Based upon the evidence presented, there is no genuine dispute as to whether PEPCO had notice, either actual or constructive, and summary judgment is therefore granted as to both the complaint and the third-party complaint.

■ Finally, the Court lacks subject matter jurisdiction over plaintiff's claim against the District of Columbia.[5] In *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), the Court held that district courts shall not have ancillary jurisdiction over claims brought by a plaintiff in diversity against non-diverse parties.[6] The Supreme Court has consistently held that states are not subject to diversity jurisdiction under 28 U.S.C. § 1332(a). *See, e.g., Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482, 487, 15 S.Ct. 192, 194, 39 L.Ed. 231 (1894).[7] As the District of Columbia cannot be sued in diversity and ancillary jurisdiction · is inappropriate, the Court lacks subject matter jurisdiction over the issue. Plaintiff's complaint as to the District of Columbia is therefore dismissed.

■ This jurisdictional restriction does not apply where the third-party defendant is "haled into Court" by a third-party plaintiff. *Owen*, 437 U.S. at 376, 98 S.Ct. at 2404. Therefore, subject matter jurisdiction does not preclude defendants' third-party claim against the District. There is sufficient evidence against the District of Columbia to defeat summary judgment. The District does have a duty to exercise reasonable care to keep its streets in a safe condition. *Husovsky v. United States*, 590 F.2d 944 (D.C.Cir.1978). Once the duty is established and a defective condition is shown, the issue of notice is relevant.[8] *S. Kann's Sons Corp. v. Hayes*, 320 A.2d 593, 595 (D.C.1974). Defendants have provided a Traffic Accident Report, completed by Officer William G. White, which states that an accident occurred at the same intersection at 9:25 a.m. and was due to a malfunctioning traffic light. Defendants' Opposition to District of Columbia's Motion for Summary Judgment, Exhibit A. There is

---

4. The sole documentary evidence of actual notice for PEPCO is the "Daily Trouble Call Log" which shows that PEPCO employees were alerted to the problem at 2:25 p.m., more than three hours after the accident that gave rise to this case. PEPCO Motion for Summary Judgment Exhibit 1–B.

5. This Memorandum Order effectively countermands the Court's previous Order of June 27, 1989, which permitted plaintiff to file a complaint against the District of Columbia.

6. This is particularly evident when viewed in light of the recently enacted Judicial Improvement Act, 28 U.S.C. § 1367 (1990), which, although not controlling on the present case, is informative in interpreting ancillary jurisdiction.

7. Under 28 U.S.C. § 1332(d), the District of Columbia is a state for diversity purposes and, therefore, is not subject to diversity jurisdiction. *Long*, 820 F.2d at 414.

8. It is uncontested that the traffic light was malfunctioning at the time of the accident.

also evidence that the police can control the activity of the traffic lights manually, which may have been able to prevent the later accident. Deposition of Dopudja, at 38. At the very least, an officer could have been assigned to direct the flow of traffic once it was determined that the light was malfunctioning. As a result, a genuine issue of material fact remains as to whether there was a breach of the duty of care, and as to whether the report filed by Officer White constituted notice to the District. The District of Columbia's motion for summary judgment on the third-party complaint is therefore denied.

SO ORDERED.