957 F.2d 912
 294 U.S.App.D.C. 163
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Marva THOMAS, Appellant,
v.
Grand Hyatt HOTEL.
 No. 90-7190.
 United States Court of Appeals, District of Columbia Circuit.
 March 16, 1992.
 
 Before MIKVA, Chief Judge, and RUTH B. GINSBURG and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's memorandum order filed November 2, 1990 be affirmed substantially for the reasons stated therein, and as further explained in the attached memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 In the District of Columbia, in order to make out a prima facie case of liability based on the existence of a dangerous condition, a plaintiff must show that the defendant "had actual notice of the dangerous condition or that the condition had existed for such length of time that, in the exercise of reasonable care, its existence should have become known and corrected." Anderson v. Woodward & Lothrop, 244 A.2d 918 (D.C.1968); see Seganish v. District of Columbia Safeway Stores, 406 F.2d 653, 656 (D.C.Cir.1968). Generally, the questions of negligence and causation are for the jury to decide. When only one reasonable inference can be drawn from the evidence, the court may decide the case without submitting it to a jury. Paylor v. Safeway Stores, Inc., 225 A.2d 312 (D.C.1967).
 
 
 5
 The mere fact of a fall, and an allegation that there was "something" on the floor is not sufficient to warrant a finding of liability. Harris v. Safeway Stores, Inc., 329 A.2d 436 (D.C.1974); Anderson v. Woodward & Lothrop, 244 A.2d 918. Evidence that a slippery substance on the floor had been left unattended for a length of time, on the other hand, may be sufficient to warrant submitting the case to the jury. Seganish v. District of Columbia Safeway Stores, Inc., 406 F.2d 653, 657 (D.C.Cir.1968) (presence of a "considerable quantity" of vegetable matter on the floor permits the inference that the condition was "so long in the making" that proprietor, exercising due care, would have detected it).
 
 
 6
 The instant case ranks with Harris and Anderson rather than with Seganish. Apart from Ms. Thomas' deposition testimony that there was something "liquidy" on her shoe and Mr. Stephenson's assertion that water from melted ice was in the hallway, there is nothing in the record from which a jury could infer that a substance on the stairs caused Thomas to fall, that the substance had been there for any length of time, or that appellee had actual or constructive notice of such a substance. Ms. Thomas had been up and down the steps nearly a dozen times during rehearsal, and other models continued to go up and down them just after she fell. Thomas deposition at 38:1-15; 19:20-22. A report prepared by a hotel security officer just after the incident stated that the steps on which Thomas fell were free of any water or debris. Brief of Appellee, Exhibit G, at 1. Given these facts, and absent any evidence that the hotel had actual or constructive notice of a dangerous condition, the district court was correct in granting summary judgment in favor of the appellee.
 
 
 7
 Appellant urges that the presence of a dishwasher in operation in a room which opened onto the hallway between the stage and the dressing room, carts with dishes to be washed standing in the hallway, and water from melted ice allegedly in the area, constitute a sufficient factual basis from which a jury could infer that appellee had notice of the danger of slipping. Appellant cites Zimmerman v. Safeway Stores, 410 F.2d 1041 (D.C.Cir.1969), as authority for the proposition that the issue of notice should be decided by the jury. In Zimmerman, however, in contrast to this case, the cause of the injury was not in dispute; the issue to be presented to the jury was whether the defendant grocery store had exercised reasonable care in maintaining its shopping carts. Id. at 1046.
 
 
 8
 In the instant case, neither the presence of an operating dishwasher nor the melted ice in the hallway has been linked to appellant's fall, as the shopping cart had been tied to the plaintiff's injury in Zimmerman. To find liability based on the operation of the dishwasher or the melted ice in the hallway, a jury would have to conclude that Thomas picked up something slippery on her shoe as she exited the dressing room. Next, the jury would have to find that it was only after she ascended the steps to the stage and walked up and down the runway that the "substance" caused her to slip. As the district court correctly pointed out, such a finding would be entirely speculative.
 
 
 9
 We note, in addition, the failure of plaintiff's counsel in the district court to comply with the requirements of Local Rule 108(h). As the district court stated, the procedural deficiencies alone, for which no excuse was tendered, would support that court's judgment.