IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31064
Summary Calendar
_____

JAMES L. SMITH,

Plaintiff-Appellant,

versus

VASTAR RESOURCES, INC.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-2440-C
--------------------
May 16, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

James L. Smith appeals the district court's grant of summary
judgment for Vastar Resources, Inc. in this civil action filed
under the Outer Continental Shelf Lands Act (OCSLA). The
district court determined that the plaintiff's deposition
testimony had failed to present sufficient proof as to whether
there was a foreign substance on the stairs which caused his knee
injury. Smith argues on appeal that the district court erred in

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

granting summary judgment because his testimony and the inferences to be drawn from it show that liability is clear against the defendant. He contends that the sole issue on appeal is whether the district court gave sufficient credence to his testimony that oil or a chemical was on the stairwell, causing him to slip. He argues that the district court ignored his testimony that there was oil on his boots when he got home, leading to the inference that there was oil on the stairs which caused him to slip, even if he did not see it and could not state truthfully that he knew it was there.

Smith does not know what caused him to slip, and he testified that he never looked at the stairs or saw any foreign substance on the stairs. The district court found that his testimony that he must have picked up some oil on his shoes from elsewhere on the platform was speculative. In his own contemporaneous description of the incident, Smith stated that he "twisted" his knee while walking down the stairway. He never mentioned "slipping" or any oil or chemicals anywhere that might have caused his shoes to be slippery. Three employees on the platform submitted affidavits and/or declarations made under penalty of perjury stating that the stairs were inspected immediately following Smith's accident and no foreign substance was found which could have caused the accident. Smith has presented no evidence to dispute their statements.

The only evidence Smith points to is his testimony about oil on his shoes when he got home, and an oil leak from some equipment on the platform near the stairs at some earlier undetermined time which caused the stairs to be roped off, from which he asks this court to infer causation. The district court discounted the testimony about the stairs being roped off due to an earlier leak because Smith's deposition testimony did not establish that the stairway had been roped off at any time relevant to this alleged incident. Smith does not explain why, if he had picked up some oil on his shoes on another part of the platform, he did not slip closer to the area of the alleged leak. He cannot even say that he actually knows that he stepped in leaking oil or chemical on another part of the platform on that day. He testified only that it was a "possibility" that oil or chemical could have caused his foot to slip.

The district court did not err in its determination that Smith's testimony about what caused his knee injury was speculative and insufficient as a matter of law to create a genuine factual dispute for trial. See Thomas v. Grand Hyatt Hotel, 749 F.Supp. 313 (D.D.C. 1990); Reese v. Tayco Food Store, Inc., 602 So. 2d 260 (La. App. 2nd Cir. 1992).

AFFIRMED.