**Robert J. HICKEY, Plaintiff,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant.**

**No. 00–1712 (RJL).**

United States District Court, District of Columbia.

Jan. 22, 2004.

---

Robert J. Hickey, Bethesda, MD, pro se.

Jay Richard Goldman, Washington Metropolitan Area Transit Authority, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

LEON, District Judge.

Washington Metropolitan Area Transit Authority ("WMATA" and "defendant"), contends that the plaintiff, Robert J. Hickey ("Hickey" and "plaintiff"), proceeding *pro se,* is unable to establish that WMATA had actual or constructive notice of the wet floor that the plaintiff alleges caused him to slip, fall, and injure himself. For the reasons set forth below, the Court grants the defendant's motion for summary judgment.

### I. Background

At approximately 7:25 a.m. on July 29, 1997, Hickey exited a metro train, which is owned and operated by WMATA, at the Dupont Circle station. He ascended the escalator to the mezzanine level of the station along with other passengers who were in front of him, beside him, and behind him. As he stepped off the escalator, he slipped and fell, causing him pain in both of his legs. Hickey alleges that there was water or some other liquid on the tile floor that caused him to fall. Whatever the substance was, it left no stain on his clothing, and there was no subsequent analysis of his garment to determine what, if anything, had been on the floor. Shortly after his fall, Hickey approached a kiosk attendant and informed him of the wet condition of the floor. The attendant was unaware of any liquid substance on the floor and had received no reports from other passengers of slippery conditions, let alone another fall.

In his lawsuit, Hickey contends that WMATA breached its duty to maintain safe conditions at the site of the accident,

and its duty to warn its passengers of unsafe conditions, by failing to warn Hickey and other passengers that that particular site was slippery and dangerous.

WMATA contends that it is entitled to summary judgment because the plaintiff is unable to establish actual, or constructive notice, of the allegedly wet conditions. Accordingly, WMATA asks this Court to grant summary judgment and dismiss this action with prejudice on the grounds that the plaintiff is unable to establish that anyone from WMATA knew, or should of known, of the liquid substance on the floor. For the following reasons the Court agrees.

## II. Discussion

### A. *Summary Judgment Standard*

Summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment may support its motion by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *See Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). In opposing summary judgment, the "nonmoving party [must] go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56(c), (e)). The court must view the facts in the light most favorable to the non-movant, giving the non-movant the benefit of all justifiable inferences derived from the evidence in the record. *Anderson v. Liberty Lobby,*

*Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Additionally, *pro se* pleadings should be read more liberally than formal pleadings filed by attorneys, and the court should try to discern a cause of action even if a party's complaint is unartfully pleaded. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

### B. *Plaintiff's Burden for Establishing a Prima Facie Case of Liability*

■ "In the District of Columbia, in order to make out a *prima facie* case of liability based on the existence of a dangerous condition, a plaintiff must show that the defendant 'had actual notice of the dangerous condition or that the condition had existed for such length of time that, in the exercise of reasonable care, its existence should have become known and corrected.'" *Thomas v. Grand Hyatt Hotel,* 957 F.2d 912, 1992 WL 50386, at *1 (D.C.Cir.1992) (unpublished) (quoting *Anderson v. Woodward & Lothrop,* 244 A.2d 918, 918–919 (D.C.1968)); *see also Washington Metropolitan Transit Authority v. Jeanty,* 718 A.2d 172, 175 (D.C.1998) ("the passenger has the burden of proving negligence."). The defendant may be liable if it had actual or constructive notice of a dangerous condition, but failed to correct or remove the danger. *Marble v. Washington Metropolitan Area Transit Authority,* 116 F.3d 941, 1997 WL 358197, at *1 (D.C.Cir.1997) (unpublished); *D.C. Transit System v. Smith,* 173 A.2d 216, 217 (D.C. 1961). Furthermore, the plaintiff must show some evidence beyond the mere facts that he fell and that his fall was caused by something on the floor. *Thomas,* 1992 WL 50386, at *1; *Smith,* 173 A.2d at 217. Finally, while questions of negligence and causation are normally for the jury, "sufficiency of the evidence to support a claim for relief may not be established by jury

speculation." *Milone v. Washington Metropolitan Area Transit Authority*, 91 F.3d 229, 232 (D.C.Cir.1996); *see Thomas*, 1992 WL 50386, at *1. Therefore, Hickey must establish that WMATA had actual or constructive notice of a liquid substance on the mezzanine floor at the point where passengers step off the escalator. *Thomas*, 1992 WL 50386, at *1; *Jeanty*, 718 A.2d at 175. When the facts in this case, however, are viewed in the light most favorable to the plaintiff, they fail for a number of reasons to meet that burden.

First, the facts put forth by the plaintiff do not reflect *actual* knowledge of the wet conditions at the accident site on the part of WMATA until *after* the plaintiff's fall. *See* Pl.'s Stat. of Mat. Facts. The defendant's station manager has stated that he had no knowledge of the conditions. Jefferson Aff. ¶¶ 3–4 (quoting Mr. Jefferson's statement, "I have no knowledge or recollection of [the] alleged incident…[or] of water or any liquid substance on the mezzanine platform.").

Second, the plaintiff has failed to demonstrate that there is any genuine issue of material fact as to the existence of *constructive* knowledge of the wet conditions by WMATA. The facts presented by the plaintiff, even when viewed in the light most favorable to his claims, fail to show that WMATA should have known of the wet conditions and failed to exercise reasonable care in addressing such conditions. Indeed, Hickey has been unable to confirm that the floor was actually wet, let alone what the liquid on the floor was, or how long the substance had allegedly been on the floor. Hickey Aff. ¶¶ 4–13. Nor has he been able to show that the station manager should have been alert to this

danger either because other people had slipped or because there were wet floors in need of attention on that particular day in the station (*i.e.*, rainy day conditions). Instead, the facts presented to the Court by the plaintiff address the plaintiff's view that the Dupont Circle station (and Metrorail Stations generally) can become wet and slippery due to tile and lighting design, *see, e.g.*, Compl. ¶¶ 6, 13, 15 [1], that the plaintiff slipped and fell, and that after the incident, the plaintiff observed water in the "general location of the accident." Pl.'s Stat. of Mat. Facts ¶ 24. These facts alone, even if accepted by the Court, would not prove that WMATA should have known, prior to the plaintiff's accident, of the wet condition at the accident site and therefore should have addressed the problem. Accordingly, the Court grants defendant WMATA's motion for summary judgment.

### III.  Order

For the above reasons, it is on this 22nd day of January, 2004, hereby

**ORDERED** that defendant's motion for summary judgment [# 33] is granted;

**SO ORDERED.**

---

1.  It should be noted that this Court has previously held that WMATA enjoys immunity from legal action for planning decisions involving design, location, and construction in Metro stations. *Nathan v. Washington Metropolitan Area Transit Authority*, 653 F.Supp. 247, 248–249 (D.D.C.1986).